UNITED STATES of America, Appellee,

v.

Malchus George LAING, Appellant.

No. 75-1727.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 13, 1975.

Decided March 2, 1976.

---

William P. Robinson, Jr., Norfolk, Va., Court-appointed (Mason, Moore, & Robinson, Norfolk, Va., on brief), for appellant.

Edward R. Baird, Jr., Asst. U.S. Atty., Norfolk, Va. (William B. Cummings, U.S. Atty., Norfolk, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Malchus George Laing was convicted by a jury on a charge of bank robbery, 18 U.S.C. § 2113(a) and (d), and sentenced to imprisonment for a term of twenty years. He contends that his conviction should be reversed because the district court erred in admitting evidence which he claims was the product of an unlawful search.

■ According to the Government's evidence, four police officers were on routine patrol in Portsmouth, Virginia, when an informer whom they knew approached their automobile and asked them if they wanted to make an arrest for the illegal sale of narcotics. The informer told the officers that a black male with "processed" hair, wearing a blue jacket and pants, and carrying a television set and a suitcase, was trying to sell heroin "around the corner" at a pool hall. The officers were in a section of the city notorious for illegal drug transactions and they knew that the informer had given accurate information which led to several arrests in the past and that his information proved to be reliable. Immediately after talking to the informer the officers spotted Laing, who exactly matched the informer's description of the drug dealer. Laing was stopped, arrested and searched. Upon searching his person and belongings, the policemen found sixty caps of heroin and $654.80 in cash. The money was turned over to the FBI and was used in the instant case as evidence in Laing's trial for bank robbery.

Laing contends that the arrest and attendant search were without probable cause; that, absent this allegedly unlawful search, the police would not have gained custody of his $654.80; and that reference to this sum of money during his trial for bank robbery was highly prejudicial since the prosecution had introduced evidence that he was unemployed.

We think the search in this case falls squarely within the limits established by *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). There was accurate descriptive information given by a known informer which was sufficiently cor-

roborated by the police officers' own observations to justify arrest and search. The informer had provided reliable information to these officers approximately two months before Laing's arrest and had provided reliable information dealing with the illegal sale of drugs during the past year. Acting on the information so received from the informer the officers observed a man whose appearance corresponded, in detail, with the informer's description; he had the exact physical attributes, he was wearing the precise clothing, he was carrying highly distinctive objects and was close by the place mentioned by the informer. The policemen knew that a large number of illegal drug transactions occurred in this area of the city and, before the arrest, they personally verified every facet of the information given them except that the man actually possessed heroin. Since all the information concerning Laing's appearance and demeanor was confirmed by direct observations by the police officers it was then reasonable for them to believe that the information as to Laing's possession of narcotics would likewise be accurate. We conclude that the officers had probable cause for the arrest and search.

Laing also contends that the weight of the evidence was against a guilty verdict. It is for the jury, and not this court, to weigh the evidence and determine credibility, *United States v. Canty*, 422 F.2d 358 (4 Cir. 1970); and the evidence, including photographs and eyewitness identification, was sufficient to permit the jury to find Laing guilty beyond a reasonable doubt. *United States v. Sherman*, 421 F.2d 198 (4 Cir.), *cert. denied*, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970).

We affirm the judgment of the district court.

*Affirmed.*