Paul E. SHAVER, Petitioner,

v.

Griffin B. BELL (as successor to Edward H. Levi) Attorney General, et al. Respondents.

No. C75–1206A.

United States District Court, N. D. Georgia, Atlanta Division.

April 20, 1977.

Paul E. Shaver, pro se.

John W. Stokes, Jr., U. S. Atty., Richard A. Horder, Asst. U. S. Atty., Atlanta, Ga., Mark J. Kurzmann, Atty., Department of Justice, Washington, D. C., for United States.

## DISCUSSION OF THE CASE

HOOPER, Senior District Judge.

The instant case concerns a request under the Freedom of Information Act for the contents of petitioner's FBI file, portions of which have been withheld by respondents on the ground of exemption under the Freedom of Information Act. After a series of events concerning petitioner's administrative appeal and right to assert his claim in Federal District Court (all of which is summarized in this Court's order of December 23, 1976), this Court ordered production of all documents involved in the case in camera, and the same were produced by respondents.

Specifically, respondents have made available to the petitioner 205 pages "in whole or in part"; the remaining 265 pages are alleged by respondents to be totally exempt and portions of the 205 pages that were released have been deleted. All of the above documents have been submitted to the Court, a total of 470 pages, which the government has divided into 52 sections. Section 10 alone is comprised of 163 pages from the FBI files, A table of contents as to Section 10 is contained in the record numbered sections one to fourteen inclusive. The portion claimed to be exempt indicated in yellow and the bases of exemptions in the Freedom of Information Act have each set opposite the same, to-wit: (b)(7)(C), (b)(7)(D) and (b)(7)(E), fully discussed hereinafter.

## RULINGS ON EXEMPTIONS INVOLVED

Code Section 5 U.S.C.A. 552(b)(1) through (9).

For convenience the exemptions and subsections under the same are numbered and stated below, and will be referred to in the ruling by this Court under the title "Inventory Work Sheet". As the respondent contends, however, that there are only six exemptions relied on in this case, each one being explained, these six exemptions are the following:

(b)(2)—Related solely to the internal personnel rules and practices of an agency.

(b)(5)—Inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

(b)(7)(C)—Constitute an unwarranted invasion of personal privacy.

(b)(7)(D)—Disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source.

(b)(7)(E)—Disclose investigative techniques and procedures.

(b)(7)(F)—Endanger the life or physical safety of law enforcement personnel.

## PERSONNEL RULES AND PRACTICES OF AN AGENCY

### SECTION (b)(2)

Defendant has deleted file numbers, initials, and other administrative markings related to FBI internal procedures for maintaining documents within the same. The case of *Vaughn v. Rosen*, 173 U.S.App.D.C. 187, 523 F.2d 1136 (1975) supports this Court's ruling that this classification is exempt as "these deletions reflect only routine 'housekeeping' matters in which the defendant and the general public may be presumed to lack any substantial interest." *Willie S. Curry v. Director, Drug Enforcement Administration*, C.A. No. 1416A, U.S. D.C., District of Columbia (Nov. 5, 1976).

## INTER-AGENCY MEMORANDA

### SECTION (b)(5)

These documents were not contained in petitioner's file at the time of his request, but were subsequently added thereto. However, inspection of the documents discloses that they come within the exemption referred to and were properly denied to the petitioner.

## UNWARRANTED INVASION OF PERSONAL PRIVACY

### SECTION (b)(7)(C)

This class of exemptions is ably and thoroughly discussed in the case of *Curry v. Director, Drug Enforcement Administration, supra,* and the case of *Daniel Nix v. Department of Justice,* (U.S.D.C., Dist.S.C., May 12, 1976).

In the instant case, as in the *Curry* case, the exemptions claimed are clearly investigation files compiled for law enforcement purposes within the meaning of the Act, and deletions were made of personal data which could reveal the identification of persons involved in the criminal investigation of the plaintiff.

This exemption is very closely related to exemptions under (b)(7)(D) which relates to the identity of a confidential source as hereinafter covered under a discussion of (b)(7)(D).

The most important feature concerning a privacy exemption is based upon the fact which is generally accepted by law enforcement officers, judges, and the general public, that a person giving incriminating evidence to a law enforcement officer, places the informant in a position of peril from the defendant if known to the latter, and this involves also the nature of the information furnished. Therefore (b)(7)(C) exempts not only the names of persons interviewed by the F.B.I. in the course of criminal investigation, but also any statements or facts which might reasonably lead to the ascertainment of those persons' identities. Furthermore, (b)(7)(C) is broader in scope than (b)(7)(D) (which relates solely to information obtained from a confidential source) in that (b)(7)(C) protects not only confidential sources, and not only persons who furnish information to law enforcement personnel, but anyone whose privacy might be invaded and therefore whose life might be in danger as a result of disclosure of information that might possibly reveal their identities.[1] Pragmatically, the problem that exists under this exemption is that the Court can never be certain of how much information if disclosed to the petitioner would enable him to infer the identity of the person whose privacy is involved. Therefore, in applying (b)(7)(C) the ramifications of disclosure and what it might possibly reveal must be taken into account. The dangers of such disclosure are illustrated by affidavit furnished by the government.[2]

1. The amendment protects without exception and without limitation the identity of informers. It protects both the identity of informers and information which might reasonably be found to lead to such disclosure. These may be paid informers or simply concerned citizens who give information to enforcement agencies and desire their identity to be kept confidential. *Federal Register*, May 30, 1974, pages 9310–9343.

2. The affidavit of John F. Loome, Jr., Special Agent of the F.B.I., especially assigned the matter involving the Freedom of Information Act, gives considerable information concerning the dangers incurred by individuals (even including law enforcement officers) who assist the prosecution by giving incriminatory evidence to the prosecution. The affidavit is replete with actual incidents (some including death) inflicted by

some convicts under such circumstances. Several of the incidents referred to in the affidavit arose in well-publicized criminal cases and are well known to the general public and in particular to persons involved in law enforcement and in criminal jurisprudence. The affidavit points out (see page 3(7)) that this petitioner is referred to in documents (before the court for in camera review) as having a propensity for violence, this data having been developed during the bank robbery investigation wherein he was convicted. The writer of this opinion as a district judge over a period exceeding twenty-seven years has presided over the trial of criminal cases where such practices were involved. In one case, information of the prisoner's cooperation with law enforcement became sufficiently well known to the criminal element that the prisoner wherever he was confined was

## DISCLOSURE OF IDENTITY OF CONFIDENTIAL SOURCE AND INFORMATION FURNISHED ONLY BY THE SAME

### SECTION (b)(7)(D)

The Court is not faced with the same problem in applying (b)(7)(D) as it is concerning (b)(7)(C), since (b)(7)(D) results in non-disclosure of all the information if it is obtained only from a confidential source. Therefore, once it is established that the author of the information in question was indeed a confidential source, both his identity as well as all of the information related by him are exempt under this section.

Senator Hart, author of the 1974 Amendment, stated the following:

In other words, the agency can not only withhold information which would disclose the identity of a confidential source, but also can provide blanket protection for any information supplied by a confidential source. The President is therefore mistaken in his statement that the F.B.I. must prove the disclosure would reveal an informer's identity; all the F.B.I. has to do is to state that the information was furnished by a confidential source and it is exempt . . . *Church of Scientology v. Department of Justice*, 410 F.Supp. 1297, 1303 (D.C.Cal.1976).

It was also stated by Senator Hart:

The Act clearly states that confidential information furnished by a confidential source compiled in the course of a criminal investigation is not to be revealed. Congress feared that the revelation of even apparently innocuous information might inadvertently reveal the identity of confidential sources. *Id.* at 1301.

confronted with threats and attempted violence by other prisoners which this court made known to the Bureau of Prisons, which took all means available for the prisoner's protection by removing such prisoner to other prisons where the same difficulty existed. It is well known that persons intended to be used as principal witnesses against a defendant have been murdered prior to the trial of the case. For the foregoing reasons the affidavit states

## DISCLOSE INVESTIGATIVE TECHNIQUES AND PROCEDURES

Exemption (b)(7)(E) of the Freedom of Information Act exempts documents which would reveal to the public investigative techniques and procedures of law enforcement agencies. One example of the same is the use of bait money as a means of effecting a successful investigation of criminal offenses. This exemption was properly applied to the documents withheld in the instant case under (b)(7)(E).

## ENDANGER THE LIFE OR PHYSICAL SAFETY OF LAW ENFORCEMENT PERSONNEL

### SECTION: (b)(7)(F)

As previously discussed under the (b)(7)(C) privacy exemption the disclosure of the identity of persons connected with a criminal investigation might endanger the life or physical safety of those persons. While the privacy exemption is stated in more general terms, (b)(7)(F) specifically refers to the life and physical safety of law enforcement officers. Therefore this Court finds that deletion of names and information that might lead to the identity of such law enforcement personnel was appropriate under this exemption.

### ORDER OF COURT

Its appearing to this Court that the respondents herein have alleged that many of the documents involved in this case are exempt from the provisions of the Freedom of Information Act and all of such documents having been exhibited to this Court and examined by the Court, and the only rebuttal offered by the petitioner to the response made to the Motion for Summary Judgment filed by defendant being that the

The FBI has been traditionally concerned about the safety and rights of persons interviewed in the conduct of investigations. This includes persons providing information, whether they be neighbors, co-workers, relatives, friends or business associates . . . This concern and interest is particularly important because without the valuable assistance these individuals render the FBI, it could not function effectively.

in camera inspection is alleged to have been held two days subsequent to the date it was originally scheduled for, and that the filing of a Motion for Summary Judgment by respondents is "a deliberate attempt by defendant to further circumvent petitioner's efforts in this cause of action by the filing of his motion at such a late date," and this Court's having found and ruled that all of the exemptions claimed by respondents to the documents involved in this case are upheld, the Clerk of this Court is directed to enter a Judgment in said case sustaining the defendants' motion for a Summary Judgment, and dismissing plaintiff's action with prejudice.