Calvin F. SMITH, Plaintiff,

v.

Peter FLAHERTY, Deputy Attorney General, U. S. Department of Justice, Gerald M. Farkas, Regional Director, U. S. Bureau of Prisons, Clarence M. Kelley, Director, F.B.I., Department of Justice, Defendants.

Civ. A. No. 78-6.

United States District Court,
M. D. Pennsylvania.

Sept. 21, 1978.

Calvin F. Smith, pro se.

Joseph F. Cimini, Asst. U. S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

### I—INTRODUCTION

Plaintiff, Calvin F. Smith, previously incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania and presently at the United States Penitentiary at Atlanta, Georgia filed this action on January

4, 1978.[1] In his complaint, Plaintiff requests the Court to order the disclosure of certain documents held by the Federal Bureau of Prisons and the Federal Bureau of Investigation under the Freedom of Information Act[2] and the Privacy Act.[3] In addition to seeking the withheld records and files, the Plaintiff requests the Court to make an award for costs under 5 U.S.C. § 552(a)(4)(E). The complaint names three persons as individual party Defendants: Peter F. Flaherty, Former Deputy Attorney General; Clarence M. Kelley, Former Director of the Federal Bureau of Investigation; and Gerald M. Farkas, Regional Director of the Federal Bureau of Prisons for the Northeast Region at Philadelphia, Pennsylvania.[4]

The Plaintiff filed for leave to proceed in forma pauperis in this action and on June 12, 1978 leave was granted and the Clerk of the Court was directed to provide for service of process. In response, the Defendants on July 14, 1978 filed a motion to dismiss or in the alternative for summary judgment. In support of the motions the Defendants have filed affidavits of Gerald M. Farkas, Regional Director of the Federal Bureau of Prisons and James Edward King, Special Agent of the Federal Bureau of Investigation. An order will be entered partially granting the motion for summary judgment under Rule 56 as there exist no genuine issues of material fact concerning the materials covered and as a matter of law the Defendants are entitled to the partial judgment.[5] For two sets of documents withheld, however, the Court has not been provided with a sufficient description of the contents and therefore the Defendants will be directed to provide a more detailed explanation of the documents and their basis for withholding them from the Plaintiff.[6]

## II—AGENCY ACTIONS

As noted, the action arises from Plaintiff's request for documents from two federal agencies, the Federal Bureau of Prisons and the Federal Bureau of Investigations. On March 24, 1977 the Plaintiff made a request to the Bureau of Prisons for access to all documents in his Bureau of Prisons central file that had not been made available for his review at his then place of confinement, the United States Penitentiary at Lewisburg. The Regional Director, Gerald M. Farkas, responded to his request on May 13, 1977 by releasing copies of most of the materials in the file. Plaintiff then appealed the decision of Regional Director Farkas to the then Deputy Attorney General, Defendant Flaherty. Before final action

1. His complaint alleges jurisdiction for this action under "5 U.S.C. 552(a)(4)(B) and 552a(g)(3)(A); Title 28, U.S.C. §§ 1361 and 1391(e) and the Constitution of the United States of America". (Complaint at 1.). Jurisdiction is properly asserted under 5 U.S.C. § 552(a)(4)(B) and § 552a(g)(3)(A).

2. 5 U.S.C. § 552 (hereinafter cited as FOIA)

3. 5 U.S.C. § 552a. While the Plaintiff invokes jurisdiction under the Privacy Act and seeks relief pursuant to its provisions, the essence of his complaint only concerns the Freedom of Information Act. With the overlap of the exemptions provided by the Acts, the implications of the Privacy Act need not be discussed as they do not alter the decision in this matter.

4. Defendants have moved for dismissal of the complaint on the grounds that the Department of Justice is the proper party to be sued under the FOIA which gives district courts jurisdiction "to enjoin the agency from withholding agency records". 5 U.S.C. § 552(a)(4)(B). In view of the pro se nature of the complaint, which is to be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and that all of the Defendants have been on notice of the action, the Defendants' motion will be denied. The Court will consider the Plaintiff's complaint as amended to name the proper party Defendants. Both the Bureau of Prisons and the Federal Bureau of Investigation are within the definition of "agency" as provided by section 551 of the Act.

5. The order granting summary judgment will apply to all of the documents and information withheld by the agencies except the two cited in note 6, *infra*.

6. The materials for which insufficient information has been provided are discussed *infra* under III—C. "Three pages of memorandum to prison officials" and IV—B. "Forty-eight pages withheld from the second main investigation file".

was taken on the appeal, discussions between the Bureau of Prisons personnel and those of the Office of Privacy and Information Appeals resulted in an additional release of records to the Plaintiff. Otherwise, the decision of the Regional Director was affirmed and the Plaintiff was so notified on August 2, 1977.[7]

The material that the Federal Bureau of Prisons is withholding consists of the following: (a) Plaintiff Smith's Presentence Report, (b) Probation Officer's memorandum to a United States District Court Judge, (c) Three pages of memoranda to prison officials concerning the Plaintiff, (d) Four pages of records loaned to the Bureau of Prisons by the government of the District of Columbia containing reports by a staff psychiatrist and a staff psychologist, (e) A one-page psychiatrist report and a statement about the Plaintiff's attitude, and (f) Two pages of intra-agency memorandum. Documents released with deletions were (g) Four pages of staff reports with the exclusion of the names of other inmates, (h) Teletype messages with the deletion of coding information, and (i) Six pages of "visitor's flyers" without the responses by prospective visitors to questions pertaining to arrest records and family relationships to other inmates. Plaintiff asserts that all of the above described docu-

ments are being improperly withheld and that all of the deletions were improperly made.

By letter dated February 12, 1976 to former Director of the Federal Bureau of Investigation, Clarence M. Kelley, Plaintiff requested production or duplicated copies of information under the FOIA.[8] He was furnished with documents consisting of 221 pages from the F.B.I. records on March 23, 1977 and an explanation was given for the materials withheld. Next Plaintiff filed an appeal with former Deputy Attorney General Flaherty who advised Plaintiff that a supplemental release would be made by the F.B.I.[9] by letter dated October 7, 1977 and in which this modified action by the F.B.I. was affirmed.[10] On August 9, 1978 the F.B.I. again made a supplemental release of six documents that were not in the file at the time the request was processed.

The following is a summary of the action taken by the Bureau in processing the Plaintiff's request. One main investigatory file consisting of thirty pages and involving a civil rights investigation was released with exclusions of the names of third parties and Bureau personnel. A second main file involving a National Firearms Act investigation, consisting of twenty-seven documents and 261 pages, was largely released in that 215 pages of the material was fur-

7. *Former Deputy Attorney General Flaherty explained in the letter to the Plaintiff the reasons for the withholding of the information considered exempt as follows:*

"Portions of records, consisting of subjective on sensitive predecisional comments, will continue to be withheld. 5 U.S.C. 552(b)(5). Exclusion of information pertaining to third parties have been made to prevent clearly unwarranted invasions of personal privacy. 5 U.S.C. 552(b)(6). In addition, information which was provided to the Bureau in confidence has been withheld. 5 U.S.C. 552(b)(7)(D) . . . Your presentence report is a record of the Judicial Branch of the Federal Government, rather than the Executive Branch. As such, it is not an 'agency record' within the reach of the general access statutes. 5 U.S.C. 551(1)(B)."

8. Plaintiff's letter requested:

(A) *All documents or memorandum written or received which makes mention of the Lorton Furlough Program or any furlough program*

administered by the District of Columbia, Department of Corrections;
(B) Memoranda, reports or communications pertaining to information received by the Federal Bureau of Investigation subsequent to January 1, 1974 concerning Calvin Smith;
(C) Reports from, to, or concerning Edward Fitzgerald;
(D) Memoranda, reports, or communications pertaining to an investigation into a possible violation of Calvin Smith's civil rights;
(E) A listing of any weapons by make or model, allegedly seized from Calvin Smith September 25, 1974 or prior thereto, as well as any fingerprint tests or results.

9. The supplemental release of information was eight pages of records from the F.B.I. files.

10. This letter advised Plaintiff that he was the subject of two main investigatory files and in summary fashion stated the information withheld was pursuant to 5 U.S.C. 552(b)(7)(C) and (b)(7)(D).

nished to the Plaintiff with excisions.[11] Of those withheld, twelve pages were referred to the Department of Justice for a response to the Plaintiff. Third, one cross reference file consisting of two pages was released with exclusions. Last, one other file which mentioned the Plaintiff was withheld as the contents of the file primarily concerned a third party. As with the action by the Bureau of Prisons, the Plaintiff argues that all of the withholding and deleting by the F.B.I. was improper.

Generally, under the FOIA all agency documents are broadly to be interpreted as available unless specifically exempt by the Act. *N.L.R.B. v. Sears, Roebuck and Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The Act creates nine specific exemptions from compelled disclosure in section 552(b) which are made explicitly exclusive by § 552(c). For an agency to prevail in its action of nondisclosure of documents, it carries the burden of showing that information requested and not released indeed falls within one of the specific exemptions. The overall design of the Act was to balance the interests of public access with the necessity of retaining confidential matters of agencies from public view. *See, Environmental Protection Agency v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). It is therefore in this context that the positions asserted in this case must be viewed.

### III—MATERIALS WITHHELD BY THE FEDERAL BUREAU OF PRISONS

Because different exemptions of the Act are argued by the Defendants as being applicable to the materials withheld, each undisclosed item with the pertinent exemption will be briefly and separately discussed.

### A. PRESENTENCE REPORT

The first item involves the right of Plaintiff to secure access to the nonconfidential portions of his presentence report contained in the Bureau of Prison files. Defendants assert that two different provisions are controlling in exempting the report from mandatory disclosure, sections 551(1)(B) and 552(b)(5). Under either of these provisions the Defendants' arguments are persuasive.[12]

Section 551(1)(B) excludes "The courts of the United States" from the reach of the provisions of the Act. Only agency reports are made available and a presentence report prepared for and submitted to a sentencing court is not an agency report but rather a court record. It is thus not disclosable as it should be interpreted as thereafter remaining in the exclusive control of the court despite any joint utility it may eventually serve. *Cook v. Willingham,* 400 F.2d 885, 885 (10th Cir. 1968). Plaintiff argues that the Bureau of Prisons has adopted the report and that it thereby has lost its prior exempt status. However, the decisions applying the adoptive concept are quite dissimilar and concern primarily the exemption applicable to "inter-agency or intra-agency memorandums" of 5 U.S.C. § 552(b)(5). *See, e. g., United States v. J. B. Williams Co., Inc.,* 402 F.Supp. 796 (S.D. N.Y.1975); *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975).

### B. PROBATION OFFICER'S MEMORANDUM

The memorandum from Carroll L. Sackman, United States Probation Officer for the sentencing judge of the Plaintiff is,

---

**11.** The time consuming burden the FOIA places on subject agencies is illustrated by the exclusions made from this second main file: Names of F.B.I. employees (153 times); the names of third parties interviewed (13 times); the names of third parties who were mentioned as a potential source of information (5 times); the names of third parties who may be of investigatory interest to the F.B.I. (19 times); and the identities of confidential informants (16 times).

**12.** The exemption provided in 552(b)(5) will not be discussed as the 551(1)(B) is directly controlling, however, it has been utilized in exempting a presentence report from disclosure as a predecisional consultative document. *Green v. Taylor,* M.D.Pa. Civil No. 750140 (Order, Sheridan, C. J., May 7, 1975).

like the presentence report, outside the scope of the disclosure provisions of the Act. Being prepared for the Court's consideration, the subsequent loaning of the report to the Bureau of Prisons with the expectation of confidentiality does not change the essential character of the document and therefore it should be construed as a court record exempt from disclosure by 551(1)(B). Also, the memorandum would be exempt from disclosure under sections 552(b)(7)(D) as a document submitted to a law enforcement agency in confidence. *See, Nix v. United States,* 572 F.2d 998 (4th Cir. 1978).

## C. THREE PAGES OF MEMORANDA TO PRISON OFFICIALS

■ The third material withheld consists of three pages of memoranda that were directed to prison officials. The only description of the documents is provided by Gerald M. Farkas in his affidavit as follows: "A January 7, 1972 memorandum to Warden Fenton from Chief Correctional Supervisor Culley, on August 23, 1976 memorandum to IDC from Kenneth H. Treon, and an August 24, 1976 memorandum to Chairman IDC from A. Thomas. . . ." [13] He states the materials "were withheld in their entireties as they consist entirely of confidential information provided only by confidential sources".[14] Defendants assert that these documents are exempt under 552(b)(6) (personnel and medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy); (b)(7)(C) (unwarranted invasion of personal privacy); and (b)(7)(D) (confidential source identity and confidential information). These mere conclusionary allegations, however, fail to meet the burden the FOIA imposes on an agency.

To show the applicability of an exception, it must ordinarily be met by detailed affidavits or oral testimony sufficient to enable the trial court to make its own independent assessment. *See Environmental Protection Agency v. Mink,* 410 U.S. 73, 93, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The Defendants

therefore should have provided the Court with a more detailed statement of the nature of the confidential information and a better description of the confidential sources. Without these facts it is impossible for the Court to make its de novo determination.

For example, it cannot be ascertained if the documents fall within exemption 6 of subsection (b) for personnel, medical, or similar files of which disclosure would constitute a clearly unwarranted invasion of personal privacy when the nature of the communication is unknown. Similarly, it is obvious that the applicability of (b)(7)(C) and (b)(7)(D) cannot be adequately considered when only the names of the senders and the receivers of communications are provided without elaboration. To illustrate, if (b)(7)(D) is indeed applicable, then at a minimum it must be shown that the information was furnished under circumstances from which an assurance of confidentiality could be reasonably inferred. *See, Deering Milliken, Inc. v. Irving,* 548 F.2d 1131 (4th Cir. 1977). The slight inference that memoranda directed to the warden and institutional discipline committee would be by their inherent nature confidential is simply not enough. *See, Vaughn v. Rosen,* 173 U.S.App.D.C. 187, 523 F.2d 1136 (1975).

## D. FOUR PAGES OF REPORTS LOANED BY THE GOVERNMENT OF THE DISTRICT OF COLUMBIA

■ The fourth material withheld is four pages of staff psychiatrist and psychologist reports that were loaned by the government of the District of Columbia to the Bureau of Prisons. Under the definitional section of the Act, 551, the government of the District of Columbia is specifically excluded from the definition of agencies subject to the provisions of the FOIA. Since the reports were generated by an exempt entity and confidentially loaned to a nonexempt entity, the reports must be considered as retaining their exempt status. Any other interpreta-

---

**13.** Affidavit at 2. I.D.C. is the Institutional Discipline Committee.

**14.** *Id.*

tions would destroy both the bond of confidentiality between the entities and the justifiable right to an exemption, in this case, held by the District of Columbia.

The Fourth Circuit in the case of *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978) recently dealt with an analogous situation. Therein the court held that reports confidentially supplied to the F.B.I. by non-federal law enforcement sources were exempt under subsection (b)(7)(D) (confidential source identity and confidential information). In the instant case the reports were confidentially loaned to the Bureau of Prisons, a law enforcement agency, by the District of Columbia, an exempt entity under the Act. As in the Nix case, any forced disclosure of these reports would seriously inhibit the relationship between the parties and consequently the reports ought to be interpreted as exempt under the provisions of (b)(7)(D).

### E. PSYCHIATRIST REPORT

The next two documents to be discussed are a one-page psychiatrist report and an incident report that was released with the exclusion of a subjective comment concerning the Plaintiff's attitude. In the affidavit submitted by Gerald M. Farkas, he noted a recent change in Bureau policy has removed their objections to the release of these reports. In accordance with this policy modification, the Defendants disclosed these two documents as Exhibits 5 and 6 in the brief supporting their motions. Consequently the applicability of exemption (b)(5) (inter-agency or intra-agency memorandums) no longer needs to be considered.

### F. TWO PAGES OF INTER–AGENCY COMMUNICATIONS

■ Two pages consisting of an intra-agency memorandum and the "Causal Factors" portion of Plaintiff's classifications study were released with excision of "subjective staff opinion" and "confidential information provided only by confidential sources".[15] The Defendants again offer a number of exemptions as controlling and

justifying their conduct, specifically (b)(5), (b)(6), (b)(7)(C), and (b)(7)(D). While all of these exemptions may be relevant to the nondisclosure, it is unnecessary to look beyond exemptions (b)(5) (inter-agency or intra-agency memorandums) to find that the withholding of these documents was proper. This exemption was designed to promote the recognized need of "free and unihibited exchange and communication of opinions, ideas, and points of view . . . ." among persons involved in agency deliberations and evaluations. *Ackerly v. Ley*, 137 U.S. App.D.C. 133, 138, 420 F.2d 1336, 1341 (1969). In the instant case, the obvious need for the nondisclosure of such intra-agency memorandum and staff opinions contained in the above described study illustrates the basic purpose of the exemption. If these documents were not protected, the internal decision-making process would be jeopardized by inhibiting the free exchange of written opinions by the staff. *See, Owens v. U. S. Bureau of Prisons*, 379 F.Supp. 547 (D.C.1974). The workable formula that the drafters of the Act envisioned requires that such internal agency communications be secure from public view.

### G. FOUR PAGES OF MEMORANDA WITH THE EXCISION OF IDENTITY FACTORS OF OTHER INMATES

■ Four other pages of memoranda were released with the excision of names and numbers of other inmates. This action by the Bureau was appropriate as their good faith release of documents did not require the inclusion of the identification of other inmates. In fact, any such disclosure would have violated their privacy rights. Exemption (b)(6) of the Act is particularly designed to protect these interests and excludes the disclosure of files that would constitute a clearly unwarranted invasion of personal privacy. The Bureau also followed the procedure mandated by the Act as provided by section (a)(2): "To the extent required to prevent a clearly unwarranted invasions of personal privacy, an

---

**15.** Affidavit of Gerald M. Farkas at 2.

agency may delete identifying details . . .". *See, National Prison Project of the American Civil Liberties Union Foundations, Inc. v. Sigler,* 390 F.Supp. 789, 794 (D.D.C.1975).

### H. CODING INFORMATION

 Four teletype messages were released to the Plaintiff with the excision of coding information for the protection of the security of the communication system. Again, a specific provision of the Act directly covers this question as subsection (b)(2) states that the Act does not apply to matters "related solely to the internal . . . practices of an agency". While Plaintiff argues that this section was not intended to be interpreted broadly enough to encompass coding information, his position is completely unfounded. The security of the law enforcement communication system is an interest that must be strongly protected and thus the coding system should not be open to disclosure.

A number of decisions support the withholding of the coding information. For example, in *Shaver v. Bell,* 433 F.Supp. 438 (N.D.Ga.1977) the action by the F.B.I. in deleting the file numbers, initials and other administrative markings relating to internal procedures was held to be correct under the Act. Also, the case of *Vaughn v. Rosen,* 173 U.S.App.D.C. 187, 192, 523 F.2d 1136, 1141 (1975) supports this interpretation of (b)(2) as exempting "routine 'housekeeping' matters in which it can be presumed the public lacks any substantial interest". In this case, the Plaintiff has no legitimate need for the internal information and hence his request for it was properly denied.

### I. VISITOR FLYERS

 The last documents to be discussed, concerning the Bureau of Prisons, are six "visitor flyers" that were released with excisions. Responses of prospective visitors to questions concerning arrest records and whether or not they were related to other incarcerated persons were deleted. This action was not only reasonable but also well within exemption (6) which protects the personal privacy of other individuals. In applying the balancing test as the Act requires, there is no doubt that the privacy interests outweigh the public and Plaintiff's interest in disclosure. The prospective visitors rightly had an expectation of privacy that the Bureau had an obligation to protect.

To summarize the findings and conclusions concerning the Bureau of Prisons; the actions of the Bureau were proper for all of the documents except the three pages of memoranda to prison officials. For these, the Court must defer its determinations until the Defendants supply the Court with a sufficiently detailed explanation as to the basis of their action.

### IV—MATERIAL WITHHELD BY THE FEDERAL BUREAU OF INVESTIGATION

As with the Bureau of Prisons' actions, the Federal Bureau of Investigation's action must be reviewed to determine if they have carried their burden in proving the documents retained were exempt.

### A. DELETIONS IN RELEASED MATERIAL

 First, an examination of the documents released to the Plaintiff, which are a part of the record, shows that the deletions were all made in accordance with the FOIA. It is obvious from the inspection of the documents that the deletions were made to protect the privacy of third persons and confidential sources. Under the FOIA the deletions were proper pursuant to sections (b)(7)(D), which *exempts from disclosure records compiled for law enforcement purposes that would reveal the identity of a confidential source and confidential information furnished in the course of a criminal investigation only by the confidential source,* and § 552(b)(7)(C) which *exempts from disclosure records compiled for law enforcement purposes that would constitute an unwarranted invasion of personal privacy.* The documents released with justifiable deletions include the thirty pages of the

first main file, the 213 pages from the second main file, and the cross reference file consisting of two pages.

These two exemptions are clearly broad enough to encompass the various names deleted from the released material. In the instant case, the files are obviously investigation files compiled for law enforcement purposes within the meaning of the FOIA. The (b)(7)(C) exemption is designed to ensure that persons providing incriminating evidence to a law enforcement officer will not later be placed in a position of peril by the release of such information to a defendant. For this reason the exemption has been interpreted as not only covering the names of persons interviewed by the F.B.I. in the course of a criminal investigation but also any statements or facts that might reasonably lead to the ascertainment of the person's identity. *Shaver v. Bell*, 433 F.Supp. 438, 440 (N.D.Ga.1977). The (b)(7)(D) is more directly concerned with protecting information that has been procured under either an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred. *See, Church of Scientology v. U. S. Dept. of Justice*, 410 F.Supp. 1297, 1303 (C.D.Cal.1976); *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978). In short, all of the deletions ordered by the F.B.I. in the released material were permissible under these two exemptions.

## B. FORTY–EIGHT PAGES WITHHELD FROM THE SECOND MAIN INVESTIGATION FILE

As noted previously 213 of 261 pages of a second main file on the Plaintiff were furnished to him. In the affidavit of James Edward King he states that "twelve pages from this file were referred to the appropriate officers in the Department of Justice for direct response to Plaintiff. Ten pages from this file were withheld in their entirety pursuant to (b)(7)(C) and (b)(7)(D) to protect the privacy of persons interviewed in the course of this investigation."[16] No other explanation for the withholding is

provided even though the Defendant has the burden of showing the materials are exempt. Before further documentation is provided, the determination on the correctness of the withholding of these materials cannot be made.

While an in camera inspection of the documents would provide this Court with the necessary materials for it to make its assessment, the lack of factual dispute to the withheld documents makes it unnecessary in this case. Where a factual dispute does exist to the nature of the statement sought, then an in camera inspection would no doubt be required. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143 (9th Cir. 1977); *See, United States v. Laing*, 538 F.2d 83 (3rd Cir. 1976). Here it appears that the de novo review could be properly made if the Defendants would supply the Court with an index of the forty-eight pages and a detailed factual explanation of the nature of the documents. The court then could rely on such affidavits and avoid the necessity of an in camera proceeding which ought to be sparingly used. *See, Klaus v. Blake*, 428 F.Supp. 37, 39 (D.D.C.1976). Without these essential facts, however, the Court cannot properly perform its function of reviewing as required by the Act. *See, e. g., Bristol-Myers Co. v. Federal Trade Commissioners*, 138 U.S.App.D.C. 22, 424 F.2d 935 (1970); *Wellford v. Hardin*, 315 F.Supp. 768 (D.D.C. 1970).

## C. FILE ON THIRD PARTY

The F.B.I. also withheld a file that primarily concerned a third party and only referred to the Plaintiff indirectly. Since the subject matter of the file does not pertain specifically to the Plaintiff the information contained therein was correctly withheld as exempt from disclosure pursuant to exemption (b)(7)(C) (as unwarranted invasion of the personal privacy of third parties). Subsection (b)(7)(C) protects not only persons who furnish information to law enforcement personnel, but also anyone whose privacy might be invaded by the

---

**16.** Affidavit at 7.

release of information. Here it is evident that the privacy interests of the third party outweigh the interest of the Plaintiff in securing the file.

In summary, the official action of the F.B.I. in withholding the documents as discussed was proper, except to the forty-eight pages that have not been adequately described.

### V—ATTORNEY'S FEES

Plaintiff has included a prayer for "such cost and disbursement as are in conformity with 5 U.S.C. 552(a)(4)(E)". This will be denied.

### VI—CONCLUSION

A determination as to the applicability of the offered exemptions to the materials described as three pages of memoranda to prison officials and the forty-eight pages of the F.B.I. file will be deferred pending submission by the Defendants of affidavits which establish the basis for their conclusions. Otherwise the withholding of documents by the Federal Bureau of Prisons and the F.B.I. was proper and an order will be entered granting the Defendants' motion for summary judgment to these matters. The Defendants will be given thirty days to submit sworn affidavits and any other necessary material setting forth in detail the basis for their claims that the exemptions of the Act justify the withholding of the documents.

An appropriate order will be entered.