**William Thomas BRYAN, Petitioner,**

**v.**

**J. Michael QUINLAN, Warden, Federal Correctional Institution, Otisville New York, Respondent.**

**No. 81 Civ. 3741.**

United States District Court, S. D. New York.

Dec. 22, 1981.

William Thomas Bryan, pro se.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for Respondent; Cathy R. Silak, Asst. U. S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner is presently confined at the Federal Correctional Institution, Otisville, New York, serving two ten-year consecutive sentences, a total of twenty years, imposed upon him by the United States District Court, Cincinnati, Ohio, following his conviction upon his plea of guilty of uttering forged United States savings bonds. He petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C., section 2241 upon a claim that the United States Parole Commission ("Commission") has deprived him of his constitutional right to due process of law by basing his Salient Factor Score and Severity of Offense Rating in part on impermissible and inaccurate information and that the Commission has prevented him from correcting such matters by failing to make available to him his full and unabridged presentence report rather than a summary thereof.

The judgment of conviction under which petitioner is serving his sentence is not challenged. He is not eligible for parole release until he has served at least one-third of his sentence,[1] which makes his parole eligibility date November 7, 1985. The Commission, based upon the Salient Factor Score and Severity of Offense Rating, which are the subject of petitioner's challenge, originally determined that petitioner must serve a range of thirty-four to forty-four months before release, assuming good institutional program performance and adjustment. Following the filing of this petition, the Commission acknowledged that, as petitioner had urged, it had incorrectly included in its computation a juvenile offense. It recomputed his Salient Factor Score and reduced the period he must serve to a range of twenty-six to thirty-four months. How-

1. 18 U.S.C. § 4205(a) (Supp.1981).

ever, this range of sentence is earlier than November 7, 1985. Accordingly, the Commission has fixed petitioner's presumptive parole date as November 7, 1985, which coincides with his eligibility date, with a hearing to be held thirty days prior thereto.

▪ Thus, assuming arguendo the validity and substance of petitioner's various contentions with respect to his presentence report and the Salient Factor Score and Severity of Offense Rating, the Great Writ is not his remedy. Even were the Commission further to change the Severity of Offense Rating and Salient Factor Score, based upon his claim that the amount of the securities involved in the crime for which he is serving his sentence is less than the Commission calculated, it would not effect petitioner's release prior to November 1985. Indeed, petitioner himself, in a letter to the Commission dated May 1, 1981, recognizes "that no substantial changes could result from my requests herein [2] effecting [sic] the duration of confinement since I am serving a 'regular adult' sentence necessitating the service of at least one third of my imposed sentence."

▪ Petitioner, of course, is free to institute any action or proceeding to redress his alleged grievance. The Freedom of Information Act [3] and the Privacy Act [4] expressly authorize an action to compel an agency to disclose material that is withheld,[5] and apart from other relief that may be available to him under 42 U.S.C., section 1983, any challenge to his Salient Factor Score and Severity of Offense Rating may be presented at his scheduled hearing with the right of administrative appeal. This is not a matter of technical pleading. It is a matter of substance that the procedures specified for the assertion of claims be followed, whether the litigants are represented by counsel or appear *pro se.* This is particularly so in the light of the surge of claims in recent years by prisoners and parolees challenging rulings by parole commissions that either deny parole release or revoke conditional parole.

Petitioner's contention that habeas corpus is an available remedy because he has a "liberty interest" both in the accuracy of information in his file and in a right of access to his file dissolves in the light of the Supreme Court's ruling in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex.*[6] There the Supreme Court held that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. In rejecting the petitioner's claim of a constitutionally protected interest in a discretionary parole release determination, the Court emphasized that "[t]here is a crucial distinction between being deprived of a liberty one has, as in parole [revocation], and being denied a conditional liberty one desires." [7] The Court also noted:

Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations. [Citations omitted.] This is especially true with respect to the sensitive choices presented by

2. Petitioner requested reexamination of his Offense Severity Rating and also disclosure of his complete presentence report under the Freedom of Information Act, 5 U.S.C. § 552 (1977 & Supp.1980) and Privacy Act, 5 U.S.C. § 552a (1977).

3. 5 U.S.C. § 552 (1977 & Supp.1980).

4. 5 U.S.C. § 552a (1977).

5. The Commission, however, claims that the material petitioner requests is exempt from the requirements of both Acts. *See* 28 C.F.R. § 16.85 (1977); *Carson v. United States Dep't*

*of Justice,* 631 F.2d 1008, 1009 (D.C.Cir.1980); *Smith v. Flaherty,* 465 F.Supp. 815, 819 (M.D. Pa.1978).

6. 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

7. *Id.* at 9, 99 S.Ct. at 2104. *See also United States v. Connecticut State Board of Parole,* 443 F.2d 1079, 1086 (2d Cir. 1971) (cited with approval in *Greenholtz, supra,* 442 U.S. at 8, 99 S.Ct. at 2104).

the administrative decision to grant parole release.[8]

Here, petitioner has already brought to the Board's attention an error in his Salient Factor Score computation, which, as noted above, was corrected. Petitioner has ample opportunity before his scheduled hearing, thirty days prior to November 7, 1985, to press his contention of an alleged inaccuracy as to the dollar amount of the bonds involved in the crime for which he is now serving his sentence or as to any other inaccuracy.[9]

Petitioner's detention is pursuant to a valid judgment of conviction and is not in violation of any right, constitutional or statutory, that implicates a habeas corpus proceeding under 28 U.S.C., section 2241.

The petition for a writ of habeas corpus is dismissed. So ordered.

**8.** *Id.* at 7, 99 S.Ct. at 2103.

**9.** 28 C.F.R. § 513.13 (1980) states:
Inmate request for record clarification:

Where the inmate believes that the record is incorrect or inaccurate, the inmate may follow procedures outlined in 28 C.F.R. 16.30 et seq.