**Larry Dean TURNER, Plaintiff,**

v.

**G.A. RALSTON, Jr., Warden, et al., Defendants.**

**Civ. A. No. 81–3227–CV–S–2.**

United States District Court,
W.D. Missouri, S.D.

March 17, 1983.

Larry Dean Turner, plaintiff, pro se.

Robert G. Ulrich, U.S. Atty., W.D. Mo., Kansas City, Mo., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COLLINSON, Senior District Judge.

The defendants in the above-styled case filed a motion to dismiss, or in the alternative for summary judgment, on October 29, 1981. Affidavits accompanied the motion. The plaintiff filed his traverse on December 18, 1981. The Court grants summary judgment in favor of the defendants for the reasons set out below.

The plaintiff was a prisoner at the Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri, at the time this suit was filed, although presently he is in Fort Worth, Texas. His complaint alleges that he was denied access to portions of his prison records, specifically a prison classification study[1] and a presentence report relating to his 1979 criminal conviction. Defendant Jack Smith, case manager at MCFP, did allow plaintiff to read his presentence report, but plaintiff was not allowed to make copies.

Plaintiff has sued defendants Ralston, Carlson, Humphrey, and Smith. Defendant Ralston was warden at the time plaintiff was denied access to his records. Defendant Carlson is the Director of the Bureau of Prisons. Dr. Humphrey is a physician from the MCFP who quoted a section from the plaintiff's classification study in a medical diagnosis he made at a later date. Defendant Smith is case manager at the MCFP.

Plaintiff alleges he has exhausted his administrative remedies, alleges jurisdiction under 28 U.S.C. § 1331 and the Freedom of Information Act, and requests that he be allowed to inspect and copy the requested documents, have the classification study expunged from the record, receive compensatory damages of $1000.00 per defendant, and punitive damages of $1000.00 per defendant.

Defendants' motion to dismiss or in the alternative for summary judgment, alleges the plaintiff has failed to exhaust his administrative remedies, and that both the classification report and presentence report are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. The Court does not consider exhaustion of remedies, for it finds that there is no genuine issue as to any material fact under the Freedom of Information and Privacy Acts and that the defendants are entitled to summary judgment as a matter of law.

### 1. The Classification Study

Subsection 552a(d) of the Privacy Act, 5 U.S.C. § 552a, permits an individual to gain access to those records which pertain to him and are found in a system of records maintained by an agency, unless exempted by 5 U.S.C. § 552a(j). To exempt a system of records from access, the Privacy Act requires that an agency must, first, promulgate rules pursuant to the rulemaking authority of 5 U.S.C. § 553 and, second, state the reasons in the rule itself why the system of records is to be exempt from the Act. *Exner v. Federal Bureau of Investigation*, 612 F.2d 1202, 1204 (9th Cir. 1980).

Subsection 552a(j)(2) of the Act, among other exemptions, permits an exemption for any records:

[M]aintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including ... correctional, probation, pardon, or parole authorities, and which consists of

---

**1.** The classification study contains the following language which the plaintiff thinks is untrue and personally insulting: "Turner appears to be a very weak willed individual who wishes to live off an income higher than he is able to make. He has not committed himself in any full time endeavor during his short employment history."

... (C) reports identifiable to an individual compiled at *any stage* of the process of enforcement of the criminal laws from arrest or indictment *through release from supervision.* (Emphasis added)

Plaintiff was denied access to his classification study under the authority of 28 C.F.R. § 16.97(a)(6), which states that inmate physical and mental health records are exempt from the general record disclosure requirements of subsection d of the Privacy Act.

■ The rulemaking procedure of 5 U.S.C. § 553 is not an issue in this case. Subsection 16.97(b)(3) of the administrative regulations established by the Bureau of Prisons contains the justification for the exemption of the plaintiff's classification study. It states that the § 16.97(a) exemptions, including physical and mental health records, are exempt because:

> [E]xemption from this subsection is essential to protect internal processes by which Bureau personnel are able to formulate decisions and policies with regard to federal prisoners, to prevent disclosure of information to federal inmates that would jeopardize legitimate correctional interests of security, custody, or rehabilitation, and to permit receipt of relevant information from other federal agencies, state and local law enforcement agencies, and federal and state probation and judicial offices.

28 C.F.R. § 16.97(b)(3). Thus the requirements for exemptions under *Exner, supra,* are met.

The plaintiff's complaint and Dr. Humphrey's affidavit, attached to the motion for summary judgment, both show that the classification study pertains to the plaintiff's physical and mental health. The quote from the classification study states: "Turner appears to be a very weak willed individual who wishes to live off an income

higher than he is able to make. He has not committed himself in any full time endeavors during his short employment history."

The study clearly is a record compiled during a stage of the criminal process before release from supervision, 5 U.S.C. § 552a(j)(2), and is exempted pursuant to valid rulemaking. 28 C.F.R. § 16.97(a). The plaintiff has no right to see the documents under the Privacy Act. 5 U.S.C. § 552a.[2]

■ The Court now briefly considers the exemption question under the Freedom of Information Act, 5 U.S.C. § 552. The Privacy Act and the Freedom of Information Act must be read together, and "the Freedom of Information Act cannot compel the disclosure of information that the Privacy Act clearly contemplates to be exempt." *Terkel v. Kelly,* 599 F.2d 214, 216 (7th Cir. 1979). That situation exists in this case. As the Privacy Act clearly exempts the classification study from disclosure, *supra,* the Freedom of Information Act cannot compel disclosure. Furthermore, even if the Privacy Act were not a barrier, the records would be exempted by subsection (b)(5) of the Freedom of Information Act, which states the Act does not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). *See State ex rel. Olson v. Andrus,* 581 F.2d 177, 180 (8th Cir.1978).

There is no issue as to any material fact regarding the classification study. The applicable law requires the government's motion for summary judgment be granted.

### 2. The Presentence Report

■ The affidavit of Jack Smith, attached to the defendants' summary judgment motion, states that the plaintiff was allowed to read his presentence report, but was not allowed to make a copy of it. Mr.

---

**2.** An *in camera* inspection of the records is not necessary, for a Court's primary role in cases of this type is to review the adequacy of the affidavits and other evidence presented. If the government fairly, adequately, and reasonably describes the material in dispute and the appli-

cable law, the Court is entitled to accept the credibility of affidavits and uphold the government position. *Cox v. United States Department of Justice,* 576 F.2d 1302, 1312 (8th Cir. 1978).

Smith did more than he was required to do, for presentence reports are not agency records, but rather court records, and are exempt from disclosure even when in the possession of an agency. *Cook v. Willingham,* 400 F.2d 885, 886 (10th Cir.1968); *Smith v. Flaherty,* 465 F.Supp. 815, 819 (M.D.Pa. 1978). Therefore, the plaintiff has no right to copy his presentence report and summary judgment should be issued in favor of the government on this issue.

### 3. Conclusion

As the Government has done nothing improper, plaintiff's requests for compensatory and punitive damages, injunctive relief, and expungement are without justification. Accordingly, it is

ORDERED that defendants' alternative motion for summary judgment be granted. It is further

ORDERED that this case be dismissed.