COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


TIMOTHY CRAIGHEAD

MEMORANDUM OPINION* BY
v.   Record No. 0204-00-3          JUDGE LARRY G. ELDER
                                    NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Carolyn H. Furrow for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Timothy Craighead (appellant) appeals from his bench trial

conviction for possession of cocaine with intent to distribute

in violation of Code § 18.2-248. On appeal, he contends the

court erroneously denied his motion to suppress the evidence as

the product of an unreasonable search. We hold the reliable

informant's tip, coupled with police corroboration and

independent knowledge of related facts, provided probable cause

for appellant's warrantless arrest and the search incident

thereto. Therefore, we affirm appellant's conviction.

At a hearing on a defendant's motion to suppress, the

Commonwealth has the burden of proving the challenged action did

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

not violate the defendant's constitutional rights. See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989). On appeal, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review de novo the trial court's application of defined legal standards such as probable cause to the particular facts of the case, Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

"[T]he test of constitutional validity [of a warrantless arrest] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970). "Probable cause to arrest must exist exclusive of the incident search. So long as probable cause to arrest exists at the time of the search, however, it is unimportant that the search preceded the formal arrest if the arrest '"followed quickly on the heels of the challenged search."'" Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505, 506 (1990)

-

(citation omitted).  "Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-76, 69 S. Ct. 1302, 1310-11, 93 L. Ed. 1879 (1949) (citation omitted).  Courts must view and weigh the evidence supporting probable cause "'as understood by those versed in the field of law enforcement.'" Illinois v. Gates, 462 U.S. 213, 231-32, 103 S. Ct. 2317, 2328-29, 76 L. Ed. 2d 527 (1983) (quoting United States v. Cortez, 449 U.S. 411, 418, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981)).

When the factual basis for probable cause is provided by an informant, the informant's (1) veracity, (2) reliability, and (3) basis of knowledge are "highly relevant" factors in the overall totality-of-the-circumstances probable cause analysis. See id. at 230, 233, 103 S. Ct. at 2328, 2329.

> [A] deficiency in [either veracity or basis of knowledge] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.  If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip.

-

Id. at 233, 103 S. Ct. at 2329-30 (citations omitted).  "When an officer receives from a known reliable informant a report that a felony is being committed that is so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way then the officer has probable cause to arrest."  McKoy v. Commonwealth, 212 Va. 224, 227, 183 S.E.2d 153, 156 (1971).

We applied these principles in Jefferson v. Commonwealth, 27 Va. App. 1, 497 S.E.2d 474 (1998), in which we held that overlapping tips from two separate reliable informants, based on their firsthand knowledge and coupled with police corroboration of Jefferson's description and location, provided probable cause to arrest him.  See id. at 13-14, 497 S.E.2d at 480.  In Jefferson, Officer Hoyt became acquainted with the two informants when they were arrested on previous occasions.  See id. at 7, 497 S.E.2d at 477.  Both provided Hoyt with information about Jefferson in the hope of obtaining leniency on pending charges.  See id.  Hoyt had worked with the second informant "maybe a dozen times" over three or four months during which time he had provided information which had led to several arrests but which had not yet resulted in any convictions.  See id. at 7-8, 497 S.E.2d at 477.

Although the facts in Jefferson are not identical to those in appellant's case, we hold they are sufficiently analogous to

-

support the trial court's denial of appellant's motion to suppress. In Jefferson, two different informants observed Jefferson sell drugs, whereas in appellant's case, only one informant furnished Officer Hubbard with information about appellant's drug transactions and did not specifically state that he observed the transactions take place. However, the overall degree of reliability of the informant in appellant's case was higher than that of the two informants combined in Jefferson, and additional facts known to and observed by Officers Hubbard and Agee strengthened the finding of probable cause.

In appellant's case, in contrast to Jefferson, no evidence indicated that the informant gave the information in the hope of obtaining leniency on an outstanding charge, and the informant had a longer and stronger track record, having previously provided information leading to nine arrests and resulting in eight convictions. Although the informant in appellant's case did not state that he personally observed appellant selling drugs, he identified appellant and his companion by name and gave police a detailed description of appellant's attire and location. Officer Hubbard, who had known appellant for several years and knew his companion by name, as well, was able to confirm all this information, excepting appellant's possession and distribution of drugs, within twenty-five minutes of the informant's call. See McKoy, 212 Va. at 227, 183 S.E.2d at 156

-

(noting proof that information was obtained first-hand is not required when reliable informant gives tip "so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way").  In Jefferson, by contrast, the officers did not arrive at the scene until over three hours after receiving the tip.  See 27 Va. App. at 7-8, 497 S.E.2d at 477.  Upon their arrival, they found Jefferson exiting the rear of the house at 101 North Virginia Avenue rather than on the nearby street corner where he had been seen by the informants, see id., and no evidence established whether he was in the company of the two individuals with whom he had previously been seen.  None of the officers knew Jefferson personally, and they identified him by description only.  See id.

Finally, additional facts known to and observed by Officer Hubbard strengthened the showing of probable cause in appellant's case.  Separate and apart from the tip Hubbard received from the reliable informant, Hubbard knew appellant to have been "connected with" and "in the presence of known drug users and drug dealers at times."  In addition, when Hubbard arrived on the scene and confirmed all of the informant's tip except appellant's possession and distribution of cocaine, appellant appeared "very nervous," backed away from Hubbard as if "he didn't want [Hubbard] to get very close to him," and eventually tried to flee.  Although these factors were not

-

dispositive, they were relevant considerations in the totality-of-the-circumstances analysis.

The details of the reliable informant's tip, coupled with the officers' prompt verification of those details, independent knowledge of appellant's association with drug users and dealers, and appellant's conduct when approached by the officers, provided them with probable cause to arrest appellant and to search him incident to that arrest.  See also United States v. Liang, 538 F.2d 83, 84-85 (4th Cir. 1976); cf. Wright v. Commonwealth, 222 Va. 188, 190-92, 278 S.E.2d 849, 851-52 (1981) (applying more stringent Aguilar-Spinelli test).

For these reasons, we hold the trial court did not err in denying appellant's motion to suppress, and we affirm appellant's conviction.

Affirmed.

-