Jonathan A. BENNETT, Plaintiff,

v.

The UNITED STATES DEPARTMENT
OF DEFENSE et al., Defendants.

No. 75 Civ. 5055–LFM.

United States District Court,
S. D. New York.

Sept. 10, 1976.

Jonathan A. Bennett, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants by Naomi Reice Buchwald, Asst. U. S. Atty., New York City.

## OPINION

MacMAHON, District Judge.

Defendants move, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment dismissing the complaint in this suit brought under the Freedom of Information Act ("FOIA").[1] Plaintiff cross-moves for an order requiring defendants to supply the court with a detailed justification, itemization, and indexing of the documents claimed to be of exempt status pursuant to *Vaughn v. Rosen,* 157 U.S.App.D.C. 340, 484 F.2d 820, 826 et seq. (1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

Plaintiff, by letter dated April 30, 1975, requested the Department of Defense ("DOD") to disclose any and all documents setting forth:

"(1) the dates, objectives, and results of any and all missions undertaken by the

1. 5 U.S.C. § 552.

Department of Defense having the objective of introducing men or materiel into the Republic of Cuba after January 1, 1959,

(2) the specific method used by the Department of Defense to maintain a record of any and all such missions (requested only if (1) cannot be provided), and

(3) the legislative or executive authorization for any activity on the part of the Department of Defense which might reasonably be described as having the objective of introducing personnel or materiel into the Republic of Cuba after January 1, 1959."

Plaintiff later modified his request to exclude information "concerning the introduction of men or materiel within the boundaries of the US military installation at Guantanamo, Cuba."

DOD conducted a search of documents to discover those arguably responsive to plaintiff's request and then forwarded those documents either to the National Security Council ("NSC") or to the Central Intelligence Agency ("CIA"). Those agencies undertook a further review of the documents to determine whether they were in fact responsive to the request and whether any such documents should be declassified. Plaintiff was informed that the NSC and the CIA had determined that all responsive documents were properly classified and/or contained information on intelligence sources and methods which was not of a segregable nature. Plaintiff's administrative appeal from that decision was denied and this suit resulted.

Plaintiff now seeks to enjoin defendants from withholding the requested documents.

Defendants assert that all documents responsive to plaintiff's request are exempt from disclosure under any one or more of three exemptions of the FOIA.

Exemption 1 provides that the FOIA does not apply to documents that are:

"(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order."[2]

Defendants claim that all responsive documents have been properly classified under the terms of Executive Order 11652.[3] This order defines three levels of classification and the tests for assigning each classification to particular information.[4]

In detailed affidavits, defendants have shown to our satisfaction that all of the responsive documents have been classified either as "Secret" or "Top Secret." Prior to 1974, our inquiry would stop at this point. In *Environmental Protection Agency v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), the Supreme Court held that, once it was determined that the requested records were classified, Exemption 1 (as it then read) prohibited the court from ordering an *in camera* inspection to look into their "classifiability," that is, whether their classification was procedurally and substantively proper.

■ Congress, however, specifically rejected this portion of the *Mink* decision in the 1974 amendments to the FOIA. Now, the district court has the authority to examine the contents of any agency documents *in camera* to determine whether they may properly be withheld. If the agency claims that the records are classified and therefore

**2.** 5 U.S.C. § 552(b)(1).

**3.** 37 Fed.Reg. 5209, effective June 1, 1972. This order superseded Executive Order 10501, 18 Fed.Reg. 7049.

**4.** The level of classification depends upon the degree of injury to the national security that unauthorized disclosure could reasonably cause. Thus, a "Confidential" classification (the lowest level of secrecy) is warranted for

information whose disclosure would cause "damage;" a "Secret" classification is warranted for information whose disclosure would cause "serious damage;" and a "Top Secret" classification (the highest level of secrecy) is only warranted for information whose disclosure would cause "exceptionally grave damage." The order also gives examples of what would be considered to be "exceptionally grave" and "serious" damage.

exempt from disclosure under Exemption 1, the court may "look at the reasonableness or propriety of the determination to classify the records under the terms of the Executive order."[5]

On the other hand, congress recognized that *in camera* inspection is not required in every case. The government should have an opportunity, before the court orders such an inspection, to establish the claimed exemption by means of testimony or detailed affidavits.[6]

More particularly, in connection with an Exemption 1 case, the Conference Committee stated that:

"[T]he conferees recognize that the Executive departments responsible for national defense and foreign policy matters have unique insights into what adverse affects [sic] may occur as a result of public disclosure of a particular classified record. Accordingly, the conferees expect that Federal courts, in making *de novo* determinations in section 552(b)(1) cases under the Freedom of Information law, will accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record."[7]

■ In this case, the defendants have submitted affidavits detailing not only the classified status of the documents, but also summarizing their contents. In general, the responsive documents describe clandestine intelligence operations and, in some instances, individual sources of information.

Disclosure of such information can only cause damage to the national security. It would necessarily reveal intelligence operations and apparatus and could easily lead to the discovery of the identity of individuals, within the United States and abroad, who aided in these operations. Such discovery would not only destroy any further usefulness of these individuals, but could well place their lives in danger. In addition, it would inhibit other individuals from aiding our covert intelligence efforts in the future.

■ Congress and the court recognize that in this time of global tension and distrust, the United States must have an efficient means of acquiring information about other countries, information not obtainable except by covert means. It is a legitimate function of the Executive to provide for such intelligence operations and to maintain their secrecy.

Plaintiff contends that the responsive documents are not properly classifiable because they may show violations by government officials of our criminal laws prohibiting conspiracies to destroy property within, and the launching of expeditions against, a foreign country with which the United States is at peace.[8] Defendants answer that such criminal laws are not proscriptions against activities conducted by the government, but are designed to prevent individuals, acting in a private capacity, from interfering with the foreign relations of the United States.

■ While this is an interesting point, it is unnecessary to consider it, for, even assuming *arguendo* that the responsive documents reveal such violations, there is nothing in the FOIA, its legislative history, or in Executive Order 11652 to suggest that information vital to the national security is not worthy of protection solely because of the means employed to obtain it. At most, plaintiff raises an issue which must await resolution in a more appropriate forum.[9]

We are convinced from the detailed affidavits submitted by the defendants that the

---

5. H.R.Rep. No. 93–876, 93d Cong., 2d Sess., U.S.Code Cong. & Admin.News at p. 6273.

6. See Conference Report No. 93–120, 93d Cong., 2d Sess., U.S.Code Cong. & Admin. News at p. 6287.

7. Conference Report No. 93–120, 93d Cong., 2d Sess., U.S.Code Cong. & Admin.News at p. 6290.

8. 18 U.S.C. §§ 956, 960.

9. We note particularly in this connection that the FOIA is "not authority to withhold information from Congress." 5 U.S.C. § 552(c).

responsive documents have been properly classified both procedurally and substantively and therefore are protected from disclosure by Exemption 1 without an *in camera* examination. While this finding is dispositive of the case, a brief mention of the two other claimed exemptions is warranted.

Exemption 3 provides that it is not necessary to disclose documents which are "specifically exempted from disclosure by statute."[10]

The Director of the CIA bears a statutory responsibility to protect intelligence sources and methods from unauthorized disclosure.[11] Furthermore, the CIA is expressly exempted from any laws "which require the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency."[12]

■ The legislative history of the 1974 amendments to the FOIA makes clear that these statutory pronouncements are within the ambit of Exemption 3.

■ We have already mentioned that several of the responsive documents discuss particular intelligence operations, the methods used in carrying them out, and the individuals involved. Clearly, such documents are exempted from disclosure under the FOIA.

Exemption 5 provides that the FOIA does not require disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[13]

■ The detailed affidavits of defendants establish that several of the responsive documents are inter- or intra-agency memoranda which contain comments, opinions, judgments, and recommendations of government officials. As such, these documents would not be discoverable in an ordinary civil action under the Federal Rules of Civil Procedure. They are, therefore, exempt from disclosure under the FOIA.[14]

■ Having concluded that all of the documents responsive to plaintiff's FOIA request are not subject to disclosure, it is unnecessary to order a detailed justification, itemization, and indexing. In any event, owing to the inherently sensitive nature of the information sought, the description of the documents in defendants' affidavits is sufficient compliance with the agency obligations imposed by *Vaughn v. Rosen,* *supra.*

Accordingly, defendants' motion for summary judgment, pursuant to Rule 56, Fed. R.Civ.P., dismissing the complaint is granted. Plaintiff's motion for a detailed justification, itemization, and indexing is denied in all respects.

So ordered.

---

10. 5 U.S.C. § 552(b)(3).

11. See 50 U.S.C. §§ 403(d)(3) and 403g.

12. 50 U.S.C. § 403g.

13. 5 U.S.C.A. § 552(b)(5).

14. See *Environmental Protection Agency v. Mink,* 410 U.S. 73, 85–94, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).