**Wilbur Hugh FERRY and Carol Bernstein Ferry, Plaintiffs,**

v.

**CENTRAL INTELLIGENCE AGENCY, William E. Colby, Director, John F. Blake, Chairman of Information Review Committee and William E. Nelson, Deputy Director of Operations, Defendants.**

No. 75 Civ. 6445.

United States District Court, S. D. New York.

Sept. 28, 1978.

Dornbush, Mensch & Mandelstam, New York City, for plaintiffs; Karl Savryn, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., for S. D. New York, New York City, for the United States of America; Mary C. Daly, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* Plaintiffs Wilbur Hugh Ferry and his wife Carol Bernstein Ferry seek "any or all files on [themselves] now held" by the Central Intelligence Agency ("CIA"). The action is now here on appeal from the rulings of Magistrate Schreiber, who was appointed by order dated December 21, 1976 as Special Master to review any contested documents *in camera* and determine the legitimacy of defendants' claims that certain documents or portions thereof were exempt from disclosure under FOIA. These rulings were made on December 29, 1977 ("Hearing I") and on May 3 and May 5, 1978 ("Hearing II"). Plaintiffs appeal the Magistrate's rulings with respect to Documents 5, 6, 9, 13, 14, 16, and 18. Defendants appeal his rulings with respect to Documents 8 and 13.

The Supreme Court has recently stated that "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978). The Act reflects " 'a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.' " [Citation omitted.] *Dep't of Air Force v. Rose,* 425 U.S. 352, 360–361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). The burden of establishing that any requested material falls within one of the exemptions in FOIA is on

the Government. *Ditlow v. Shultz,* 170 U.S. App.D.C. 352, 355 n. 7, 517 F.2d 166, 169 n. 7 (1975); *Robles v. EPA,* 484 F.2d 843, 845 (4th Cir. 1973). In the instant case, defendants have claimed exemptions under 5 U.S.C. § 552(b)(1) ("Exemption 1"), 5 U.S.C. § 552(b)(3) ("Exemption 3"), and 5 U.S.C. § 552(b)(6) ("Exemption 6").

In determining the legitimacy of any of the claimed exemptions, the Court has inspected *in camera* the contents of those contested documents where it was necessary to supplement the public record. However, the Court notes that in those cases where it finds that the CIA has made a good faith claim that disclosure would be detrimental to national security, the Court has accorded substantial weight to the classifying agency's opinion in determining the propriety of the classification. *Ray v. Turner,* (1978), nn. 19–21, 190 U.S.App.D.C. —— at ——–—— nn. 19–21, 587 F.2d 1187 at 1194 nn. 19–21; *Weissman v. CIA,* 184 U.S.App.D.C. 117, 122, 565 F.2d 692, 697 (1977).

## DOCUMENT 5

A sanitized copy of this one-page memorandum dated April 29, 1960 regarding security checks on U.S. citizens has already been released to plaintiffs. However, plaintiffs also request disclosure of three individuals whose names have been withheld. At Hearing I, the Magistrate determined that the names of two of the individuals, who were used by the CIA as intelligence sources, were exempt from disclosure under Exemption 3; at Hearing II, he determined that the identity of the last person, who was considered as a *potential* intelligence source, was exempt from disclosure under Exemption 6.

■ Exemption 3 protects from mandatory disclosure those matters which are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Sections 403(d)(3) and 403g of Title 50 of the U.S. Code are such statutes. *E. g., Weissman v. CIA, supra*; *Fonda v. CIA,* 434 F.Supp. 498 (D.D.C.1977). Section 403(d)(3) directs the

Director of Central Intelligence to protect intelligence sources and methods from unauthorized disclosure, and Section 403g exempts the CIA from any law requiring disclosure of "the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency" if such disclosure could lead to the unauthorized disclosure of intelligence sources or methods. The transcripts of Hearings I and II as well as the supplemental affidavit of Charles Briggs dated May 6, 1977 (the "Briggs affidavit") sufficiently demonstrate that the names of the two individuals used as intelligence sources by the CIA are exempt from disclosure under Exemption 3.

■ Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). This exemption protects individuals from public disclosure of intimate details of their lives, *Ditlow v. Shultz, supra*; the phrase "clearly unwarranted" requires the Court to weigh the individual's right of privacy against the public interest purpose of those seeking disclosure, *Dep't of Air Force v. Rose, supra; Fonda v. CIA, supra* at 506. Case law indicates that the courts will generally decide in favor of disclosure where the disclosure has a public interest purpose and the *particular* information sought will contribute to this purpose. *See, e. g., Dep't of Air Force v. Rose, supra; Getman v. NLRB,* 146 U.S.App.D.C. 209, 450 F.2d 670 (1971); *Philadelphia Newspapers, Inc. v. United States Dep't of Justice,* 405 F.Supp. 8 (E.D.Pa. 1975).

■ Here, Mr. Ferry's request for any files on himself was a response to CIA Director Colby's representation in a *New York Times* article that the agency would release to American citizens nonsensitive portions of files it had completed on them. (See letter dated March 6, 1975 from Mr. Ferry to Mr. Colby.) Clearly, the *particular* names sought by Mr. Ferry here do not contribute to his purpose of determining what the CIA compiled on him or what

activities it carried out. Nor does his request have a public interest purpose commensurate with that found in the above-cited cases. Since the identification of persons considered or used as intelligence sources by the CIA is a clear invasion of privacy, the Court will sustain the Magistrate's ruling under Exemption 6. *See Dep't of Air Force v. Rose, supra.*

### DOCUMENT 6

This four-page internal memorandum dated August 25, 1967 has a reference to Mr. Ferry on page 3 but it is in the context of a report on individuals other than the plaintiffs. A sanitized version was released, and Magistrate Schreiber ruled that the document could be withheld under Exemptions 3 and 6 except for page 1 and page 3 (from paragraph 3 on), which includes the reference to Mr. Ferry. The transcript of Hearing I as well as the Magistrate's *in camera* inspection and the Briggs affidavit provide a sufficient record to sustain his ruling under Exemption 3 and Exemption 6. *See Weissman v. CIA, supra,* 184 U.S.App.D.C. at 122, 565 F.2d at 697.

### DOCUMENT 8

This cable dated March 26, 1975 discusses a *Los Angeles Times* article which refers to Mr. Ferry's resignation from the Center for the Study of Democratic Institutions. The first two paragraphs of the cable have been released but defendants dispute the Magistrate's decision to also release the third paragraph. They contend that this paragraph "contains information concerning intelligence sources and methods" exempt under Exemptions 1 and 3.

The Magistrate ordered the release of the third paragraph because he concluded that "if it reveals anything it reveals the workings of human beings. It could not in any manner be interpreted as revealing specific or even general information not commonly known to the average mortal." (Hearing II)

█ However, where Exemption 1, 5 U.S.C. § 552(b)(1), which provides that

FOIA does not apply to those matters which are properly classified pursuant to criteria authorized under an Executive Order for the maintenance of secrecy in the interest of national defense or foreign policy, is at issue, the Court need only "be satisfied that proper procedures have been followed, and that by its sufficient description the contested document logically falls into the category of the exemption indicated." *Weissman v. CIA, supra* 184 U.S. App.D.C. at 122, 565 F.2d at 697; *accord, Bell v. United States,* 563 F.2d 484, 487 (1st Cir. 1977). Having examined the document *in camera,* the Court is satisfied that this is the case here. It will not further substitute its judgment for the agency's as to the harm which disclosure would cause. *Id.* This same reasoning would appear to apply to Exemption 3, which protects CIA intelligence sources and methods, since the CIA has greater expertise as to what kind of information-gathering disclosures would reveal intelligence sources and methods. Accordingly, paragraph 3 of Document 8 need not be disclosed.

### DOCUMENT 9

█ This eight-page report dated February 16, 1955 is a CIA security background investigation of an individual who was considered by the agency for employment overseas. The only reference to plaintiffs is on page 6 in which Mr. Ferry's name appears in a newspaper article included in the report. This page has been released. After his *in camera* inspection, the Magistrate ruled that the rest of the document was exempt because "there is so much intimate information concerning the individual that I am not sure that Mr. Ferry has the right to demand such information about person X." As this is corroborated in the Gambino affidavit dated May 5, 1977 submitted by defendants and as the particular information sought would not contribute to the purpose of Mr. Ferry's request for files on himself or to a public interest purpose, the balancing of interests here requires an affirmance

of the Magistrate's ruling. (See cases cited under "Document 5".)[1]

## DOCUMENT 13

This 168-page internal memorandum dated January 6, 1969 is entitled "Survey of Peace Movement Files." Sanitized copies of pages 1, 13, 14, 17, and 113 have been released to plaintiffs. Pages 17 and 113 contain the only references to the plaintiffs. This information in this document was gathered through Operation CHAOS, which plaintiffs characterize as "a domestic intelligence gathering operation concerned with anti-Vietnam War dissent." The Magistrate ordered the release of the first 14 pages, which contained substantive information. However, he limited the release of the remaining 154 pages (which consisted of lists of names) to those individuals "related" to Mr. Ferry. As none were, the defendants have withheld those pages.

Both plaintiffs and defendants appeal this decision. The defendants appeal the Magistrate's ruling releasing pages 2–12 because they reveal intelligence operations and sources and are thus exempt under Exemptions 1 and 3. The Magistrate ruled that those pages should be sanitized to exempt classified sources and then released.

■ Under Exemption 1, the Court need only "be satisfied that proper procedures have been followed, and that by its sufficient description the contested document logically falls into the category of the exemption indicated." *Weissman v. CIA, supra* 184 U.S.App.D.C. at 122, 565 F.2d at 697. The Briggs affidavit indicates that Document 13 bore an overall "confidential" classification, and Executive Order 11652 prescribes confidential classifications for those matters whose disclosure would cause "damage" to the national security. *See Bennett v. United States Dep't of Defense*, 419 F.Supp. 663, 665 & n. 4 (S.D.N.Y.1976).

According to both Hearing I before Magistrate Schreiber and the Briggs affidavit, pages 2–12 contain "information on a number of anti-Vietnam war groups and individuals, including counterintelligence information on contacts with foreign diplomatic personalities, contacts with members of the Communist Party of the United States, (CPUSA), possible links to foreign intelligence services" as well as related items. The Court has corroborated this in its *in camera* inspection of the document and will not replace its judgment for the agency's over the effect of such disclosure on the national security. *Id.*; *Klaus v. Blake*, 428 F.Supp. 37, 38 (D.D.C.1976). Although FOIA provides that any reasonably segregable non-exempt portion of an agency record should be released, 5 U.S.C. § 552(b), in Exemption 1 cases it is not necessary for the District Court to "undertake a line-by-line analysis of agency records." *Weissman v. CIA, supra* 184 U.S.App.D.C. at 123, 565 F.2d at 698. Accordingly, pages 2–12 may be withheld.

■ Plaintiffs appeal the Magistrate's decision to withhold the remaining 154 pages. They argue that "the fact a person's name exists in a CIA document does not constitute a clearly unwarranted invasion of his privacy." Defendants point out that the last 154 pages contain more than names and include comments concerning the individuals, including, *inter alia,* Communist Party membership, contacts with communist country embassies, and contacts with representatives of the North Vietnamese and Viet Cong. See Briggs affidavit. The Magistrate's *in camera* inspection safeguarded the plaintiffs by corroborating the defendants' claims here, and the Court will affirm his ruling with respect to the last 154 pages as it appears that under Exemption 6 the privacy interests outweigh plaintiffs' interest here (as previously discussed with reference to "Document 5").[2]

---

1. The fact that Document 9 is 23 years old does not in the Court's opinion significantly detract from the privacy interests to be protected.

2. Plaintiffs also argue that Document 13 as an Operation CHAOS document is the result of

illegal activities in violation of 50 U.S.C. § 403(d). Assuming the information in the document was acquired through illegal means, the legislative history of FOIA does not "suggest that information vital to the national security is

## DOCUMENT 14

■ This three-page cable dated February 16, 1972 includes a reference to Mrs. Ferry on page 1, paragraph 2. The Magistrate directed release of the first and third sentence of paragraph 2 but withheld the rest of the document, which has been classified "secret." Even paragraph 2 which relates to Mrs. Ferry refers to an intelligence source, who is still "an active covert asset of the agency." Because the rest of the document deals with the identification of a source of intelligence or other individuals and includes information from a representative of a Communist insurgency group, the Court finds this information excludable under exemptions 1, 3, and 6.

## DOCUMENT 16

This seven-page undated memorandum concerns the Radical Education Project, a domestic non-profit education organization founded by the SDS National Council for the purpose of promoting a New Left in America. Although this memorandum has been released, a four-page index listing 102 individuals connected with the Project was withheld because it included a checklist of ten columns indicating the affiliations of the 102 individuals with other organizations. The Magistrate directed the CIA to release all 102 names, only exempting the column indicating membership in the Communist Party and the last two columns, the headings of which were additionally withheld under exemptions 1 and 3.

The Court has examined the transcript for Hearing II as well as the pages ordered sealed by the Magistrate and finds that the withheld material was properly ruled exempt under Exemptions 1 and 3.

## DOCUMENT 18

This 47-page document, which was found in the CIA's file on Mrs. Ferry's former husband, Daniel Bernstein, refers to Mrs. Ferry on page 47. The Magistrate has withheld the entire document pursuant to Exemption 1 since it "has a great deal of foreign intelligence material." During Hearing I, he "reached the conclusion that it cannot be any further sanitized than it has been." With reference to matter exempted under Exemption 1, the Court need not undertake a line-by-line analysis of the document. *Weissman v. CIA, supra* 184 U.S.App.D.C. at 123, 565 F.2d at 698. The Court has, however, inspected this document *in camera* and finds that the Magistrate's ruling should be sustained.

## CONCLUSION

Accordingly, the Court affirms the Magistrate's rulings on Documents 5, 6, 9, 14, 16, and 18. It reverses his rulings on Documents 8 and 13. In Document 8, paragraph 3 is exempt from disclosure under Exemptions 1 and 3. In Document 13, pages 2–12 are exempt from disclosure under Exemption 1.

It is so ordered.

not worthy of protection solely because of the means employed to obtain it." *Bennett v. United States Dep't of Defense,* 419 F.Supp. 663, 666 (S.D.N.Y.1976).