**Sigmund DIAMOND, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, William Webster, Director, Federal Bureau of Investigation, United States Department of Justice, Griffin Bell, Attorney General of the United States, United States Department of State, and Cyrus Vance, Secretary of State, Defendants.**

**No. 79 Civ. 3770 (RLC).**

United States District Court,
S. D. New York.

Oct. 24, 1979.

On Motion for Reargument Jan. 18, 1980.

Thomas J. Dougherty, New York City, Stephen M. Diamond, Venice, Cal., Helen Hershkoff, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendants; Jane E. Bloom, Asst. U. S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff brings this action to compel production of documents pursuant to the Freedom of Information Act ("Act" or "FOIA"), 5 U.S.C. § 552. Defendants, prior to the institution of this lawsuit, provided plaintiff with 876 pages of documents in response to a series of FOIA requests. Additional documents were withheld, and many of the released documents contained redactions, which withheld and redacted documents are the subject of this action.

At the same time plaintiff filed his complaint, he filed a motion to require detailed justification, itemization and indexing, a so-called *Vaughn* motion, *see Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), and it is this motion which currently is before the court.

Plaintiff's motion requests that the defendants be ordered to provide: (1) individualized statements and justifications of FOIA exemptions claimed for each redaction; (2) a descriptive index of withheld documents; (3) explanations of numbers, abbreviations, codes, handwritten notations and other markings on the released documents; (4) explanations of the mark "Copy Destroyed" appearing on certain documents; and (5) answers to some forty questions, outlined in plaintiff's memorandum supporting his motion, going to the justification of defendants' application of various FOIA exemptions to redactions and withholdings of documents. Defendants' response was two-fold: they agreed, in essence, to supply the information requested in the first two items, as well as "the reasons the exemptions were claimed [and] the standards used in applying the exemptions to individual document portions," Donald L. Smith Affidavit; Defendants' Memorandum In Opposition to Plaintiff's Motion at 2, and they claimed that neither the Act nor *Vaughn v. Rosen* requires them to provide the information demanded in the other three requests. It is the issues raised by these latter three requests that the court must decide today.

Plaintiff's third and fourth requests both are predicated upon his inability to understand materials released to him without further explanation, due to defendants' extensive use of various codes, symbols and handwritten or stamped notations throughout this material. His request is for a "reasonable description, *i. e.*, a verbal explanation of their meaning." Plaintiff's Notice of Motion at 24.

Defendants claim that the Act, at Section 552(a)(3), entitles plaintiff only to receive "records," and then only after requesting them according to administrative procedures; and that the court, under Section 552(a)(4)(B), is empowered only to order the production of such requested records, and then only after plaintiff has exhausted available administrative remedies. Defendants' Memorandum In Opposition to Plaintiff's Motion at 7–10. Apparently, defendants' position is that if plaintiff desires information about the notations in question, he should file a new FOIA request for all documents relating thereto, and that without such a request plaintiff has not exhausted his administrative remedies as to the information now requested. *Ibid.* Plaintiff does not contend, however, that he is entitled to the production of additional

documents. Rather, he claims that, almost two-and-one-half years after filing his initial FOIA request, as well as several subsequent requests, as to all of which defendants concede he has exhausted all administrative remedies, Donald L. Smith Affidavit, he is entitled to know what the released materials mean. Defendants, on the other hand, conclude that "[o]nce documents have been released to plaintiff, the court lacks jurisdiction under FOIA to order further relief." Defendants' Memorandum In Opposition to Plaintiff's Motion at 10.

Defendants' reading of the statute is impermissibly narrow. Although it is true that the statute uses the term "records" in describing what government agencies must make available pursuant to FOIA requests, 5 U.S.C. § 552(a)(3), a literal construction of that term would frustrate the "basic objective" of the Act: "the full . . . release of *information*." House Report No. 93–876, March 5, 1974, [1974] U.S.Code Cong. & Admin.News, p. 6267 (emphasis added); *cf. Mead Data Control, Inc. v. U. S. Department of Air Force*, 566 F.2d 242, 260 (D.C.Cir. 1977) (non-exempt portions of documents containing material exempt from disclosure must be released because the "focus of the FOIA is information, not documents . . . .."). If all the Act requires in every case is that agencies turn over existing records, this objective easily could be subverted by an intransigent agency's use of jargon and abbreviations unintelligible to the uninitiated layman. Such a result cannot be tolerated, in light of Congress' intent that the government freely make non-exempt information available to the public.

■ In construing a statute, a court should look not to a single sentence or word, but to the entire statute and its underlying object and policy. *Philbrook v. Glodgett*, 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975). *See also Perry v. Commerce Loan Co.*, 383 U.S. 392, 400, 86 S.Ct. 852, 857, 15 L.Ed.2d 827 (1966); *United States v. Braverman*, 373 U.S. 405, 408, 83 S.Ct. 1370, 1372, 10 L.Ed.2d 444 (1963); *United States v. American Trucking Ass'ns*, 310 U.S. 534, 542–44, 60 S.Ct. 1059, 1063–64, 84 L.Ed. 1345 (1940). This is so even if the language of the statute permits a contrary interpretation. *Haberman v. Finch*, 418 F.2d 664, 666 (2d Cir. 1969). The only construction of the term "records" in Section 552(a)(3) that is consistent with the Act's broad objective of providing the public freely with "information" is that records must mean records in a form that the average member of the public can understand.[1]

As to defendants' contention that the court's jurisdiction in FOIA cases is limited to ordering the production of records, it is clear that, given the above construction of records, that is all the court proposes to do. However, even assuming, *arguendo*, that requiring defendants to provide plaintiff with the requested information is beyond the narrow reach of Section 552(a)(4)(B), the court still could fashion a remedy appropriate to effectuate the clear objectives of the Act:

> A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. . . . But even the most basic general principles of statutory construction must yield to clear contrary evidence of legislative intent.

*National Railroad Passengers Corp. v. National Ass'n of Railroad Passengers*, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974) (citations omitted).

■ Finally, turning to plaintiff's fifth request, he is not entitled at this time to answers to his forty-odd questions, posed in his memorandum of law, about the factual

---

1. It should be noted that the *form*, and not the *substance*, of released materials must be intelligible. The Act would not require, for example, that an agency provide a layman's explanation of complicated technical information contained in a document released under its aegis. Rather, where, as here, an agency's method of presenting information in released materials is unintelligible due to the inclusion of codes and cryptic notations, the agency must simply provide brief explanations of their meanings.

and legal justifications for the FOIA exemptions claimed by defendants. Defendants concede that *Vaughn* requires that they "sufficiently identify the withheld documents so that plaintiff may litigate and the court may evaluate the dispute over the disclosability under FOIA of the documents," Defendants' Memorandum Opposing Plaintiff's *Vaughn* Motion at 5, and that they submit a record "sufficient to permit the resolution of the legal issues" raised by plaintiff's complaint, *id.* at 6. They propose to satisfy these requirements by providing the requested indexes, the reasons exemptions are claimed, and the standards by which exemptions were applied to the documents requested by plaintiff. They need not do more. *See Founding Church of Scientology of Washington, D. C. v. Bell,* 603 F.2d 945, 949 (D.C.Cir. 1979); *Mead Data Central, Inc. v. U. S. Department of Air Force, supra,* 566 F.2d at 250–51; *Vaughn v. Rosen, supra,* 484 F.2d at 826–28; *Lamont v. Department of Justice,* 475 F.Supp. 761, 771 (S.D.N.Y.1979) (Weinfeld, J.); *Mobil Oil Corp. v. F. T. C.,* 406 F.Supp. 305, 312–13 (S.D.N.Y.1976) (Lasker, J.).

. In fact, plaintiff states that the purpose behind his questions was exactly that which defendants admit their obligation to fulfill: the creation of a record sufficient for litigation and resolution of disputes over the disclosability of documents. Plaintiff's Second Memorandum In Support of Motion to Compel Discovery at 9. Apparently, plaintiff wishes to dictate the form that record will take. There is no reason to suspect, however, that the response defendants intend to give with respect to their reliance on FOIA exemptions will be inadequate. Defendants will be permitted to satisfy *Vaughn's* requirements in their own fashion. If plaintiff finds their response insufficient to permit him fairly to litigate, then will be the appropriate time to point out any deficiencies and propose means to remedy them.

One final issue is raised in the parties' submissions. Plaintiff requests that the court undertake *in camera* inspection of disputed documents after defendants respond to the instant motion. Plaintiff's Memorandum In Support of Motion at 9 fn. This request is premature and is denied. Before *in camera* review is considered, defendants must be given the opportunity to establish by affidavit the applicability of the exemptions they claim, and the disputed issues must be more narrowly focused than is possible at this stage in the proceeding. *See Weissman v. C. I. A.,* 565 F.2d 692, 696–98 (D.C.Cir. 1977); *Klaus v. Blake,* 428 F.Supp. 37, 38–39 (D.D.C.1976). It should be noted that even then *in camera* inspection is not automatic, but merely permissible in a restrained exercise of the court's discretion. Indeed, such inspection is warranted "only where the record is vague or the agency claims too sweeping or suggestive of bad faith." *See Weissman v. C. I. A., supra,* 565 F.2d at 698. While I do not intend to prejudge the issue, it is not amiss to point out that thus far the above standard for an *in camera* inspection has not been satisfied on the record in this case.

Accordingly, for the reasons stated above, plaintiff's motion is granted except as to his request for answers to specific questions about defendants' justifications for withholding materials. Defendants must provide the detailed index of and justification for redacted and withheld materials, as they have agreed to do, and also must respond to plaintiff's requests for verbal explanations of the various unintelligible notations on the released documents.[2]

IT IS SO ORDERED.

## ON MOTION FOR REARGUMENT

This is a suit to compel production of documents pursuant to the Freedom of In-

---

2. Plaintiff requests that defendants be ordered to organize their response according to plaintiff's system of indexing, adopted in his Documentary Appendix. Again, plaintiff attempts improperly to dictate the form as well as the content of defendants' response, and the request is denied; defendants may decide for themselves what methodology will be most efficient and effective in responding to plaintiff's motion. However, defendants may, of course, adopt plaintiff's system if they find it a viable one.

formation Act ("Act" or "FOIA"), 5 U.S.C. § 552. On October 24, 1979, plaintiff's motion for a "*Vaughn* index," *see Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), was granted. Defendants now move for reargument of this motion, contesting the portion of the opinion requiring that plaintiff be provided with verbal explanations of various codes, symbols and handwritten or stamped notations that appear throughout the materials already released.

 Defendants present only one argument in support of their motion for reargument not heretofore made and considered by the court. They now claim that the court's order to release records "in a form that the average member of the public can understand," at 777, imposes a burden on the agency to analyze for general understandability each document to be released, and to decide what portions may be confusing to the public. This burden, defendants claim, is both unduly heavy and unauthorized by the Act. They argue that, at the very least, a person who receives records that contain unintelligible marks and references in response to an FOIA request should be required to make an administrative request for those explanations he actually needs.

Defendants' argument is persuasive, and in normal circumstances the procedure they suggest may very well be appropriate. In the instant case, however, plaintiff has spent in excess of two years, involving numerous and repeated administrative requests, just in obtaining those documents already released to him, and still finds it necessary to bring this lawsuit to obtain additional records he claims have been withheld unlawfully. To suggest that plaintiff should now be required to begin a new round of administrative requests to obtain the information as to the meaning of various departmental codes, symbols and stamped notations necessary to understand the records he has finally obtained violates both the principles of free disclosure embodied in the Act and principles of fundamental fairness. It would seem to be no great

burden on the government to have the agency involved provide a simple explanation.

Therefore, on the facts of this case, defendants' motion for reargument must be denied.

IT IS SO ORDERED.