Rev. Sun Myung MOON, Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY and National Security Agency/Central Security Service, Defendants.

No. 79 Civ. 5806.

United States District Court, S. D. New York.

April 21, 1981.

Julian Friedman, Stillman & Friedman, New York City, for plaintiff.

Harvey J. Wolkoff, Asst. U. S. Atty., New York City, for defendants.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

Plaintiff Sun Myung Moon commenced this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel defendant National Security Agency/Central Security Service ("NSA") to produce two documents retained by NSA following plaintiff's request by letter dated January 5, 1979 that the Central Intelligence Agency ("CIA") make available "[a]ny and all materials relating to myself, the Reverend Sun Myung Moon."[1] During the course of its search for documents responsive to plaintiff's request, the CIA located two documents which had originated with NSA and which were marked "Top Secret." In conformity with its usual practice in such situations, the CIA referred plaintiff's request to NSA so that NSA could respond directly to plaintiff. NSA denied plaintiff's request, finding that the documents were properly classified "Top Secret" pursuant to Executive Order 12065[2] and therefore exempt from disclosure under 5 U.S.C. § 552(b)(1)[3] and that

1. The CIA and Stansfield Turner were originally named as defendants along with NSA. By stipulation of the parties dated January 23, 1980, the action was dismissed as against Stansfield Turner and stayed as against the CIA to permit plaintiff to exhaust his administrative remedies. Plaintiff was subsequently satisfied with the production of documents by the CIA, and has voluntarily discontinued his action against the CIA.

2. See n.6, infra.

3. Section 552(b)(1) provides that FOIA's disclosure requirements do not apply to matters that are "(A) specifically authorized under criteria established by an Executive Order to be kept

non-disclosure of the documents was specifically authorized by three other statutes [4] and therefore the documents were exempt from disclosure under 5 U.S.C. § 552(b)(3).[5]

NSA has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. In opposition to the motion, plaintiff argues: (1) that the court could not determine on the basis of the public affidavits submitted by NSA that the statutory exemptions to FOIA are applicable; and (2) that plaintiff's contention that NSA waived any disclosure exemption when it turned over the two documents to the House of Representatives Subcommittee on International Organizations (the "Fraser Committee") creates a factual issue precluding summary judgment.

The two documents at issue in this action consist of foreign communications intercepted by NSA in the course of its signals intelligence monitoring activities. NSA asserts in the affidavit of Meyer J. Levin, Acting Chief, NSA Policy Staff, that the two documents contain information relating to the particular dates of the foreign communications, the identity of the persons or organizations whose communications were acquired by NSA, and the specific methods and techniques by which the communications were acquired. NSA explains that its signals intelligence operations involve a vast number of intercepted communications and that "[t]he success of NSA's interception activities thus depends significantly upon foreign governments and other entities not knowing which and how many of the vast number of communications circuits

are actually monitored [, intercepted and processed] by NSA." Levin Affidavit ¶ 5. NSA argues that disclosure of the documents, or any portion thereof, would reveal the methods and sources of NSA's intelligence activities.

 NSA contends that the documents were properly classified "Top Secret" pursuant to Executive Order 12065 [6] and thus are protected from FOIA's disclosure requirements under 5 U.S.C. § 552(b)(1) which exempts from disclosure matters that are "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive Order." In order to qualify for the § 552(b)(1) exemption, NSA must show that the documents were in fact classified and that they were properly classifiable. *Hayden v. National Security Agency/Central Security Service*, 608 F.2d 1381, 1387 (D.C. Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980); *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1369 (4th Cir.), *cert. denied*, 421 U.S. 992, 95 S.Ct. 1999, 44 L.Ed.2d 482 (1975). As to the first requirement, plaintiff does not contend that the documents were not actually classified by NSA as "Top Secret" pursuant to Executive Order 12065; in fact, the documents have been so classified and re-classified on three occasions. Levin Affidavit ¶ 9. As to whether or not the documents are properly classifiable, plaintiff does not directly contend that the documents are not "Top Se-

---

secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive Order." *See* pp. 838–839, *infra*.

**4.** The three statutes are: (1) Public Law No. 86–36, reprinted at 50 U.S.C. § 402 (Note); (2) 18 U.S.C. § 798; (3) 50 U.S.C. § 403(d)(3). *See* p. 839, *infra*.

**5.** Section 552(b)(3) provides that FOIA's disclosure requirements do not apply to matters "specifically exempted by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) estab-

lishes particular criteria for withholding or refers to particular types of matters to be withheld." *See* p. 839, *infra*.

**6.** Executive Order 12065, published on July 3, 1978, at 43 Fed.Reg. 28949, provides for the classification of, *inter alia*, information concerning "intelligence activities, sources or methods." § 1–301. Information may be classified as "Secret," "Confidential" or "Top Secret." "Top Secret" information is defined in § 1–102 of the Executive Order as "information, the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security."

cret" but rather that the court could not make such a determination on the basis of the public record in this case. Pursuant to court order, NSA has submitted *in camera* a non-public affidavit detailing NSA's objections to disclosure. Having reviewed the information so submitted, the court concludes that disclosure of the two documents would reveal NSA's signals intelligence methods and could reasonably be expected to cause "exceptionally grave damage to the national security." [7] *See Hayden, supra*, 608 F.2d at 1385–88. The court further finds that no portion of the documents is segregable and subject to disclosure for the reason that the documents are classifiable not necessarily due to the classified nature of their contents, or any portion thereof, but due to the fact that disclosure of any portion of the documents would necessarily reveal the particular intercepted communications, and would disclose NSA's signals intelligence methods.

NSA further asserts that the withheld documents are protected from disclosure by 5 U.S.C. § 552(b)(3) which exempts from disclosure matters "specifically exempted from disclosure by [another] statute ... provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." NSA offers three statutes as satisfying the criteria of § 552(b)(3): (1) Public Law No. 86–36, reprinted at 50 U.S.C. § 402 (Note); (2) 18 U.S.C. § 798; and (3) 50 U.S.C. § 403(d)(3). Plaintiff does not contest the applicability of these statutes; since the court finds Public Law No. 86–36 applicable, it shall not consider the applicability of the other two.

Section 6 of Public Law No. 86–36 provides that "nothing in this Act or any other law ... shall be construed to require the disclosure of the organization or any function of the National Security Agency, or any information with respect to the activities thereof, or of the names, titles, salaries or number of the persons employed by such agency." NSA's affidavits establish that the documents contain information concerning the agency's activities, to wit, signals intelligence operations, and therefore fall within the scope of Public Law No. 86–36. It is, furthermore, well-established that Public Law No. 86–36 is a statute meeting the criteria of § 552(b)(3). *See Hayden, supra*, 608 F.2d at 1389–91. Section 552(b)(3) therefore provides an alternative ground for the exemption of these documents from FOIA's disclosure requirements.

The most contested issue on this motion for summary judgment concerns the alleged disclosure by NSA of the two documents to the Fraser Committee for use in that committee's investigation of plaintiff and his church. Plaintiff asserts that NSA waived any exemption privilege when it conveyed the documents to the Fraser Committee with the knowledge that the documents might be released to the public and without cautioning the Committee on the necessity of maintaining secrecy. These allegations are denied by NSA.[8] Thus, a disputed question of fact apparently arises. Plaintiff's allegations, however, are set forth not in an affidavit based on personal knowledge, but rather in the complaint and an affidavit by plaintiff's attorney based on information and belief. Rule 56(e), Fed.R. Civ.P., requires that affidavits supporting or opposing a motion for summary judgment be made on personal knowledge. In view of the fact that plaintiff's allegations

---

7. *See* n.6, *supra.* The court notes, moreover, that NSA's determination that its signals intelligence operations might be jeopardized by disclosure here is to be accorded substantial weight, and the court's judgment is not readily to be substituted for that of the agency. *Hayden, supra*, 608 F.2d at 1388; *Ray v. Turner*, 587 F.2d 1187, 1194 (D.C.Cir.1978); *Weissman v. Central Intelligence Agency*, 565 F.2d 692, 697 (D.C.Cir.1977); *Ferry v. Central Intelli-*

*gence Agency*, 458 F.Supp. 664, 667 (S.D.N.Y. 1978).

8. Two affidavits of Eugene F. Yeates, Chief, NSA Office of Policy, acknowledge that a portion of the information contained in the documents was disclosed to the Fraser Committee, but assert that it was disclosed expressly as classified information.

are denied by affidavits of NSA based on personal knowledge, plaintiff's allegations will not preclude summary judgment. As the Second Circuit has ruled, "when plaintiff failed to submit affidavits on personal knowledge in support of the complaint in opposition to defendant's affidavits on personal knowledge, factual issues were to be resolved against the plaintiff wherever defendants' affidavits conflict with the unsupported allegations of the complaint upon information and belief." *Schoenbaum v. Firstbrook*, 405 F.2d 200, 209 (2d Cir. 1968); *accord, United States v. Alessi*, 599 F.2d 513, 514 (2d Cir. 1979).

█ The court fully recognizes that it may, pursuant to Rule 56(f), Fed.R.Civ.P., permit some departure from the requirement that a party opposing a motion for summary judgment submit affidavits on personal knowledge where, for example, material information is exclusively within the control of the moving party. *United States v. Augspurper*, 452 F.Supp. 659, 663 (W.D.N.Y.1978). Nevertheless, the law is clear that in order to obtain a continuance for further discovery or any other dispensation from the requirements of Rule 56(e), the opposing party must state in an affidavit the reasons for its inability to present an affidavit on personal knowledge. Rule 56(f), Fed.R.Civ.P.; 6 *Moore's Federal Practice* ¶ 56.24. Plaintiff, however, has presented no affidavits explaining his failure to submit affidavits on personal knowledge in opposition to NSA's motion. Therefore, plaintiff's allegations that NSA waived any exemptions by furnishing the documents without safeguards to the Fraser committee, since contradicted by NSA's affidavits on personal knowledge, do not create a factual dispute precluding summary judgment.

█ Even were the court to credit plaintiff's allegations on information and belief, a factual issue precluding summary judgment would not arise. To prevent summary disposition, there must be a *material* issue of fact. *Flli Moretti Cereali v. Continental Grain Co:*, 563 F.2d 563, 565 (2d Cir. 1977). In the instant case, even were the court to draw all reasonable inferences in favor of plaintiff's allegations of disclosure to the Fraser Committee, the court nevertheless disagrees with plaintiff's conclusion of law, namely that the alleged release of the documents by NSA to the Fraser Committee constitutes a waiver of the documents exempted status.

There is scant case law on the question of what type of intra-governmental disclosure constitutes a waiver of the exemptions of 5 U.S.C. § 552(b).[9] The most extensive consideration of the matter appears in *Murphy v. Department of the Army*, 613 F.2d 1151 (D.C.Cir.1979), a case bearing some resemblance to this one. In *Murphy*, the document at issue had been furnished by the Army to a congressman. Since the document was a legal memorandum, the court considered the asserted waiver in terms of § 552(b)(5) which exempts from disclosure "inter-agency or intra-agency memorandums or letters...." Although NSA asserts that its two documents at issue here are exempted under §§ 552(b)(1) and (b)(3), not (b)(5), this court finds the D.C. Circuit's treatment of the waiver problem in *Murphy* fully applicable to the instant case. The court in *Murphy* stressed that 5 U.S.C. § 552(c) specifies that the exemptions of § 552(b) are "not authority to withhold information from Congress." The D.C. Circuit then concluded that the document's confidential status was not forfeited despite the fact that it had been turned over to the Congressman without any cautionary request that he not disclose its contents and despite the fact that the Congressman had actually attempted on two different occasions to make public the documents. This conclusion was premised on two findings: (1) that the document, or its contents, had not in fact been disclosed to the public; and

---

**9.** Section 552(b)(5) exempts from FOIA's general disclosure requirements "inter-agency or intra-agency memorandums or letters...." Most of the cases that discuss this exemption consider only whether the documents at issue fall within the scope of the exemption and not whether there was such disclosure to another governmental branch as to constitute a waiver of the exemption privilege. Such cases therefore provide little guidance for the instant inquiry.

(2) that since the document was "a memorandum reflecting legal advice within a governmental department[,] *an expectation of confidentiality may be assumed.*" 613 F.2d at 1159 (emphasis added).

Applying this standard to the instant dispute, the court finds that, even were plaintiff's allegations taken as true, there would be no waiver. First, the information contained in the withheld documents has not been disclosed to the public.[10] Second, it is not difficult to assume that NSA had "an expectation of confidentiality" when it furnished to a Congressional subcommittee information contained in documents classified "Top Secret." Since the court finds that there was no waiver even under plaintiff's view of the facts, plaintiff's allegations do not create a material issue of fact precluding summary judgment.

For the above reasons the court finds that the two documents requested by plaintiff are exempted from disclosure by 5 U.S.C. §§ 552(b)(1) and (b)(3). NSA's motion for summary judgment dismissing the complaint is granted.

Let the clerk enter judgment.

So ordered.

---

**10.** This is not contested by plaintiff.