Harrison WELLFORD et al., Plaintiffs,

v.

Clifford HARDIN et al., Defendants.

Civ. A. No. 740-70.

United States District Court, District of Columbia.

Aug. 5, 1970.

William A. Dobrovir, Washington, D. C., for plaintiffs.

Jeffrey Axelrad, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

### JUNE L. GREEN, District Judge.

This action airses under the Freedom of Information Act, 5 U.S.C. § 552 (Supp. V 1965–69) to enjoin the Secretary of Agriculture and certain of the Department's officials, agents and employees from withholding certain specified records from plaintiffs, members of the public. The records in question are those maintained by the Pesticides Regulation Division of the Agricultural Research Service, Department of Agriculture (hereinafter PRD). Plaintiffs are associated with the Center for Study of Responsive Law.

The Information Act provides that "each agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a) (3).

One exception here pertinent was also enacted, exempting from disclosure "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency." § 552(b) (7).

Section 552(c) provides further that the Act "does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in the [Act]".

The Code of Federal Regulations provides:

It shall be the policy of this Department [of Agriculture] to make its records available to the public to the maximum extent consistent with the national welfare and the rights of individual citizens. This means that, with certain exceptions, the records of the Department are freely available for public inspection * * *. 7 CFR 1.1 (Jan. 1, 1969).

PRD has taken the position that in order for plaintiffs to see any of the PRD documents, the request must be for identifiable records (as is provided by the ACT) and that for a document to be identifiable it must be identified "with specificity." PRD established its own filing system using a number system. In order to request a document, one must know the number of the file in which it is located. In order to know the number of the file, one must derive it from the alphabetical master record card index.

The Court inspected the master record card file index at its situs in the Department of Agriculture and determined to its satisfaction that (as more fully set out in defendant's affidavit on page 14, par. 20), the file is an alphabetical listing by manufacturer, devoting one card to each product of said company sampled. It contains sample number, date sample was collected and date shipped in interstate commerce. Further, if the product sampled is found to be in compliance with FIFRA,* then the matter is closed either permanently or temporarily and notation to that effect is made on the card.

In addition, there is a column on each card headed "Citations". This shows by date and symbol if there was correspondence regarding a minor violation of FIFRA involving the listed product or citations, seizure or recall. Because all of this data is included on the master index card, the Department of Agriculture has ruled that the cards are not accessible to the public under the Information Act.

PRD's argument that because certain information on the cards is allegedly exempt from public inspection, the entire card is exempt requires little discussion. The Court of Appeals had little difficulty with that argument in Grumman Aircraft Engineering Corp. v. Renegotiation Board, 425 F.2d 578 (March 10,

---

* Federal Insecticides, Fungicides and Rodenticides Act.

**770**

1970, D.C.Cir.) There the Board was required to bare the non-exempt portions of documents after making "suitable deletions".

Based on the foregoing, the Court holds:

 (1) It is a violation of the Freedom of Information Act to withhold from the public the means for requesting an "identifiable record" when those means are exclusively within the control of the agency possessing the sought after records; and

(2) It is a violation of the Act to withhold documents on the ground that parts are exempt and parts non-exempt. In that event, "suitable deletions" may be made; and here the entire column headed Citations may be deleted.

The Court notes that, in its opinion, the Department of Agriculture in general, and the Pesticides Regulation Division in particular, has circumvented the Freedom of Information Act. In all likelihood, this case will be before the Court again to determine which substantive documents are accessible to the public and which are not. The Department of Agriculture is admonished that freedom of information is now, by statute, the rule, and secrecy is the exception. There are numerous ways that the Department can provide the requested information in response to requests from the public without divulging exempt material. The Department is best suited to determine how this can most efficiently be done. On the other hand, plaintiffs are admonished to make only such requests for documents as they reasonably need and not to put PRD to fruitless tasks of sorting documents for which plaintiffs have no real use.

## ORDER

Upon consideration of the foregoing, it is by the Court, this 5th day of August 1970,

Ordered that defendants' motion to dismiss, or in the alternative for summary judgment be, and the same is hereby denied, and it is further

Ordered that plaintiffs' motion for partial summary judgment be, and the same hereby is granted in part in that it is

Ordered that defendant Clifford Hardin and his agents and employees are enjoined from further withholding the Pesticides Regulation Division's master record card file from inspection by plaintiffs, subject to suitable deletion of citations, seizures and recall actions.