**Louis L.` FRYDMAN, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE,
Defendant.**

No. 78–4257–R.

United States District Court,
D. Kansas.

March 21, 1991.

Louis L. Frydman, pro se.

Connie De'Armond, Dept. of Justice, U.S. Atty. Office, Topeka, Kan., for defendant.

MEMORANDUM AND ORDER

ROGERS, District Judge.

On October 2, 1990, this court directed defendant to give an accounting of disclosures of ELSUR documents to third parties as provided by 5 U.S.C. § 552a(c)(3). The court also directed defendant to explain what seemed to be misleading answers to two of plaintiff's interrogatories (# 49 and # 55).

In response to this order, defendant asked for reconsideration of the accounting requirement and provided affidavits to explain the interrogatory answers. Defendant also provided the court with a copy of an ELSUR index card for an *in camera* inspection. Plaintiff has responded: by raising more questions concerning defendant's interrogatory answers; by requesting production of the ELSUR index card and all other index cards pertaining to plaintiff; and by requesting further information and discovery from defendant. As the court takes up these issues, we shall refrain from discussing the lengthy background of this case.

First, the court will discuss the accounting requirement. In the court's October order, we concluded that ELSUR documents were not exempt from the accounting requirement of § 552a(c)(3). We reached this conclusion because federal regulations provided that ELSUR *indices* are only exempt from the accounting requirement to the extent that information in the system is subject to exemption pursuant to 5 U.S.C. § 552a(j). We determined that the conditions of § 552a(j) did not apply to the ELSUR documents which we had examined *in camera*.

■ Defendant now explains in its motion for reconsideration that the ELSUR documents are considered part of the FBI's Central Records System, not part of the ELSUR indices. The ELSUR indices simply contain index cards referring to ELSUR documents. Documents in the Central Records System are exempt from the accounting requirement of § 552a(c)(3) pursuant to regulations promulgated in accordance with §§ 552a(j) & (k). The court ac-

cepts this explanation. Therefore, the motion for reconsideration shall be granted, and defendant shall not be directed to make an accounting of disclosures of ELSUR documents.

Defendant has responded to the court's request to explain certain interrogatory answers by submitting affidavits from an FBI agent and a former FBI agent responsible for formulating the interrogatory answers. A copy of an ELSUR index card has also been provided for *in camera* examination. Without going into detail, it appears that some of the confusion from the answers to the interrogatories stemmed from one agent referring to two documents as FSR (First See Reference) and SSR (Second See Reference) in making answers, while later the labels for the two documents were reversed in making other answers or statements. Defendant has also attempted to clarify its policy in maintaining ELSUR index cards at FBI Headquarters, in response to this court's order to explain defendant's response to plaintiff's interrogatory # 55.

These responses are helpful in resolving some of the confusion that is involved in this matter. Plaintiff, however, charges that defendant has not been honest in answering interrogatories and that defendant continues to engage in duplicitous or perjurious conduct. Plaintiff requests the court to grant sanctions against defendant.

The court is not convinced that agents for defendant have acted in bad faith in answering plaintiff's interrogatories. Although sanctions can be issued for negligent failure to provide discovery, the court is also not convinced defendant's conduct was so negligent that sanctions are warranted. Therefore, the court shall deny plaintiff's request for sanctions.

█ Plaintiff has requested the production of the ELSUR index card and other index cards pertaining to him. Defendant contends that these cards are not "documents" or "records" for the purpose of FOIA. The FOIA authorizes courts to enjoin the withholding of "agency records" when such records are improperly withheld. The FOIA, however, does not define "agency records." Recently, the Supreme Court discussed the definition of the term in *U.S. Department of Justice v. Tax Analysts*, 492 U.S. 136, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989). The Court held that to qualify as an "agency record" the material must be created or obtained by the agency and must be in the control of the agency. 109 S.Ct. at 2847. The index cards in question meet these standards to be an "agency record."

The Supreme Court also stated that the burden is on the agency to prove that materials sought are not agency records. *Id.* at p. 2846 n. 3. Here, defendant's sole argument is that treating index cards as agency records might require that computer entries be published when a computerized index is employed. This argument is not convincing to the court. Although it may be difficult to understand the desire to examine an index card as opposed to the document referred to by the card, this is not a criterion for what is an agency record. One may also question whether Congress intended index cards to be considered agency records for the purposes of FOIA. But, it has often been stated that Congress intended to require agencies to adhere to a philosophy of full agency disclosure. *Id.* at p. 2846. Furthermore, as plaintiff notes, defendant's regulations treat the ELSUR indices as a "records system." Defendant has already produced a copy of one index card in this case. Plus, in other cases, government agencies, including the FBI, have produced index cards. *Silets v. F.B.I.*, 591 F.Supp. 490 (N.D.Ill.1984) (FBI produced index cards concerning electronic intercepts of James Hoffa); *Wellford v. Hardin*, 315 F.Supp. 768 (D.D.C.1970) (Department of Agriculture required to produce record card index necessary to identify certain documents held by the Department). Therefore, we believe the index cards should be considered agency records which must be disclosed, subject to suitable deletion of dates and times or other information which may be justifiably withheld.

Defendant has requested an opportunity to argue that the cards are classified or

exempt from production. Defendant shall be granted twenty days to make this argument. Defendant should also address plaintiff's request for an accounting of any disclosure of the ELSUR index cards pertaining to plaintiff.

The next issue to consider is plaintiff's request for additional information and clarification. Here, plaintiff asks for answers to the following questions:

Is plaintiff correct in assuming that the Classified Document contains a paragraph pertaining to plaintiff extracted from the First See Reference and that the First See Reference, in turn, consists of a verbatim extract from the Second See Reference?

Why has FBI Headquarters failed to inform plaintiff of the presence of the Second See Reference in its ELSUR Index and why has the Washington Field Office failed to inform him of the presence of the First See Reference in its ELSUR Index?

Where and by whom has the seven-page Second See Reference been referred to as a one-page see reference?

To which documents did subparagraphs 17(a)(i) and (ii) of the 1982 Kellen affidavit refer?

Since the First See Reference and the Second See Reference were prepared on the same day, had the Second See Reference already been transcribed into written form in June 1979?

Plaintiff further indicates the possibility of requesting more discovery as well as the desire to submit requests for admission relating to the Third See Reference document. Plaintiff states such discovery is necessary to "clear the air" in this convoluted litigation.

Frankly, the court does not believe the air can be cleared even with the discovery requested by plaintiff. Defendant has shown little willingness to share information which might alleviate plaintiff's areas of concern. (This may be understandable since plaintiff's questions arguably go beyond the scope of FOIA and the Privacy Act.) At the same time, plaintiff seems so completely distrustful of defendant, one wonders why plaintiff continues to ask for information from an allegedly dishonest source. Using the court to arbitrate these requests for discovery is doing nothing other than lengthen this interminable litigation and heighten plaintiff's suspicions each time defendant requests the court to view something *in camera*.

Discovery has been permitted in this case primarily for the litigation of the attorney's fees question. The court believes sufficient discovery has been permitted for this purpose. The court is convinced that continuing the process of discovery will not "clear the air."[1] So, discovery is over in this case. Following the resolution of the remaining issues regarding the production of index cards, the court shall require that the motion for attorney's fees be filed and answered.

In conclusion, defendant's motion for reconsideration is granted. Defendant is directed to make any further response contesting the disclosure of index cards or contesting an accounting of disclosures to other agencies by April 15, 1991. Plaintiff shall have time until May 1, 1991 to respond. Plaintiff's request for sanctions and for further discovery, information or clarification is denied.

IT IS SO ORDERED.

---

1. The only way to "clear the air" is if the parties meet voluntarily with an eye toward answering questions that are asked in good faith and trusting the answers that are given in good faith. The court does not believe it can require such a meeting, but the court would encourage such a meeting and consider it a hopeful sign.